| 85 | 615 |
| 53a | 669 |
| 85 | 615 |
| 6167 | 172 |
| 167 | 175 |
| 167 | 178 |
| 167 | 182 |

## In the Matter of Marquis; Snyder, *Guardian,* Appellant.

1. **Probate Court:** INSANE PERSON: SETTING ASIDE JUDGMENT. A probate court can, at a subsequent term, set aside its judgment adjudging a person insane and appointing a guardian for him.

2. ——— : ——— : ———. It is sufficient ground for setting aside such judgment that it does not appear from the record that the alleged insane person was notified of the proceeding against him, and if not notified, the reason therefor.

*Appeal from Howard Circuit Court.*—Hon. G. H. Burckhartt, Judge.

AFFIRMED.

*S. C. Major* and *J. W. Bagby* for appellant.

(1) The only jurisdiction the probate court had in this matter being conferred by statute, its powers are limited within the confines of the statute which gave it jurisdiction. R. S., sec. 1187; *Schell v. Leland,* 45 Mo. 289. (2) The probate court, under the statute, could set aside an inquisition only during the term in which it was had, and when so set aside it is the duty of the court to impanel a new jury to inquire into the facts. R. S., sec. 5794. (3) The adjourned September term of the August term of the Howard probate court having finally adjourned, the regular August term was at an end; and the only jurisdiction of the probate court, being of statutory origin, its powers with reference to the finding of the jury and the order and final judgment of the court thereon was at an end. The transcript itself showing that there was no irregularity in the proceedings, or de-

fect of the record, at the August adjourned term when the inquisition was had, the subsequent order and judgment of the probate court made at its regular November term with reference thereto was a nullity. *Ashby v. Glasgow*, 7 Mo. 320 ; *Peake v. Reed*, 14 Mo. 79 ; *State ex rel., etc., v. County Court of Sullivan Co.*, 57 Mo. 522 ; *Phillips v. Evans*, 64 Mo. 17 ; *Bartling v. Jamison*, 44 Mo. 141 ; *Danforth v. Lowe*, 53 Mo. 217 ; *Jefferson County v. Cowan*, 54 Mo. 235 ; *State ex rel. Gordon v. Hopkins* Octobbr Term 1883.

*A. J. Herndon, Thos. Shackelford*, and *Draffen & Williams* for respondent.

(1) The probate court properly set aside the pro-ceedings had September 10, 1883, declaring respondent insane, although the motion asking this to be done was not filed till a subsequent term. *Dutcher v. Hill*, 29 Mo. 271. (2) The record shows no reason why notice was not given to respondent of the proceeding against him. The proceedings were properly set aside for such irregularity. *Harbor v. Ry.*, 32. Mo. 423 ; *Stucker v. Cooper Circuit Court*, 25 Mo. 401 ; Freeman on Judgments (3 Ed.) secs. 97 and 98.

NORTON, J.—On the tenth day of September, 1883, Lafayette Marquis filed in the probate court of Howard county an information that his father, Washington Marquis, was a person of unsound mind and praying that an inquiry of the matter be had. The court made the following order : "Now, at this day, comes Lafayette Marquis and files information that Washington Marquis is a person of unsound mind, and upon proof that he is not in condition of mind and body to be brought into court, it is ordered that he be not brought into court." The

facts were inquired into by a jury, which returned a verdict that said Marquis was a person of unsound mind and incapable of attending to his business, whereupon the court rendered judgment according to the verdict, and appointed B. F. Snyder as guardian of the person and estate of said Marquis, who qualified by giving bond as the order of the court and statute required. At the next regular term of said court, viz. : on the fourteenth of November, 1883, the said Marquis, who had been adjudged insane at the August term, appeared and moved the court to set aside the judgment and the order appointing said Snyder guardian, alleging as ground therefor that notice had not been given him of said proceedings ; that he was not of unsound mind, and the fact that such proceedings had been instituted against him was concealed from him, and that he was in proper condition to be notified and brought into court. This motion was sustained, whereupon said Snyder appealed to the circuit court, where the judgment of the probate court was affirmed, from which said Snyder has appealed to this court.

The principal ground relied upon to sustain the appeal is that the probate court had no power at its November term to vacate or set aside the order made at its preceding August term. The correctness of the principle above stated may be conceded, but we think the application of it in the case of *Dutcher v. Hill*, 29 Mo. 271, is denied to cases of inquest of lunacy where irregularities appear upon the face of the proceedings. It was ruled in that case that: "The proceedings under the law concerning insane persons are not like a final judgment, which is unalterable after the end of the term at which it was rendered. They are *in fieri*, like a cause pending, and irregularities in them or defects of the record may be obviated at any time so long as the lunatic

is under the control of the guardian appointed for him. It was competent for the court to discharge the lunatic at any time from the care and custody of the guardian so soon as it was informed of the irregularity of the proceeding."

Under the ruling in the above case, the only remaining question is, whether or not irregularities appear in the proceedings of this case. It is provided by section 5789, Revised Statutes, as follows: "In proceedings under this chapter, the alleged insane person must be notified of the proceeding, unless the probate court order such person to be brought before the court, or spread upon its record the reason why such notice or attendance was not required." By reference to the order hereinbefore recited, it will be seen that it fails to comply with the requirement of the statute in this, that it neither states that notice was given Marquis, nor does it state, if notice was not given, the reason why it was not given. The statement is made in the order that he was not in condition of body and mind to be brought into court. While this may be a sufficient statement of the reason why Marquis' attendance was not required, it does not show any reason why notice was not given him.

Judgment affirmed. All concur.