THE STATE ex rel. LOUIS NOLTE, Sheriff, and EDWARD M. TAYLOR, v. EUGENE McQUILLIN, Judge.

In Banc, December 10, 1912.

1. **CONSTITUTIONAL QUESTION: In Case Appealed from Probate Court: Injected in Case After Appeal.** A constitutional question cannot legally be injected into a cause appealed from the probate court, where no such issue was presented at the

State ex rel. v. McQuillin.

trial in the probate court; and the course of an appeal from the order of the circuit court dismissing the appeal from the probate court cannot be changed by an attempt to inject such a question into what is styled a "petition" for appeal.

2. ——: Mandamus: To Compel Circuit Judge to Approve Bill of Exceptions: Prohibition from Court of Appeals Pending. Where, before a bill of exceptions was settled, signed and filed, in aid of an appeal from an order of the circuit court dismissing an appeal from the probate court, a writ of prohibition was issued by the Court of Appeals and served upon the judge of said circuit court, prohibiting him from taking any further action in the matter appealed from the probate court until the further order of the said Court of Appeals, and that writ is still pending, the Supreme Court will not, by its writ of mandamus. compel said circuit judge to settle, sign and order to be filed said bill of ,exceptions; nor will the Supreme Court hold, in such mandamus proceeding, to which the Court of Appeals is not made a party, that said Court of Appeals is exceeding its jurisdiction in that a constitutional question is involved; especially, where relator attempted to inject such question into the case for the first time by his "petition" for an appeal from the order of the circuit court dismissing his appeal from the probate court.

3. LUNACY INQUIRY: Setting Aside Finding of Jury: Continued to Next Term: Appeal. The statute (Sec. 482, R. S. 1909) expressly confers upon probate courts authority, if "just cause appear," to set aside, during the term at which the inquisition is had, the finding of the jury that defendant is of unsound mind and incapable of managing his own affairs, and to require the facts to be inquired into by a new jury; and where there has been a verdict sustaining the allegations of the information, and defendant files at said term a motion to set aside the verdict, the court does not lose jurisdiction to sustain said motion by continuing it of its own motion to the next term, and if it at said next term sustains it, there is nothing from which informant can appeal to the circuit court.

4. ——: ——: For Just Cause: Presumed. And where the motion of the defendant to set aside the verdict of the jury, or the substance thereof, is not presented to the appellate court, it will be assumed that the verdict was set aside for a "just cause." The acts of probate courts are presumed to be regular until the contrary is shown.

5. MANDAMUS: To Compel Circuit Judge to Settle Bill of Exceptions: Useless Thing. The Supreme Court in a proper case will, by its writ of mandamus, compel a circuit court to sign and order to be filed a bill of exceptions. But it does not require courts or litigants to do a vain or useless thing. It

will not issue such a writ where relator is not entitled to an appeal; and an informant, in a lunacy inquisition, is not entitled to an appeal to the circuit court from a timely order of the probate court setting aside the verdict of a jury finding the person informed against to be of unsound mind and incapable of managing his affairs, for after such verdict was set aside there was nothing to appeal from, and hence the order of the circuit court dismissing the appeal was the only legal order that it could make; and an appeal from that order of dismissal would be a useless thing, as would a bill of exceptions therein.

6. ———: ———: **Due Process of Law.** It is not a denial of due process of law for the circuit court to dismiss informant's appeal from an order of the probate court setting aside the verdict of a jury in a lunacy inquiry. It simply returns him to the only court designated by law to hear and determine the question of the sanity of the person informed against.

7. **JUDGMENT: Of Probate Court in Lunacy Inquisition: In Fieri: Appeal.** Judgments of the probate court adjudging persons informed against to be of unsound mind and incapable of managing their affairs, are unlike ordinary judgments. No appeal lies from them, because by the statute they remain *in fieri,* like a suit pending, and may be reopened and set aside at any subsequent term of the court when the insane person is restored to right mind.

## Mandamus.

WRIT DENIED.

*Randolph Laughlin* and *Max F. Ruler* for relators.

(1)   The fact that constitutional questions had been injected into the case pending before respondent, and were being considered by him before the jurisdiction of the St. Louis Court of Appeals was invoked, operated to oust said court of all jurisdiction over the subject-matter of the controversy, and the ex parte writ of prohibition issued by said court was and is void for that reason. Constitution, Amendment of 1884, Sec. 5; State ex rel. v. Nortoni, 201 Mo. 24. (2) Independent of the above, the fact that the appeal has been allowed to this court, and that the

case is now actually pending in this court on said appeal, makes it the imperative duty of respondent to complete the record by taking statutory action with respect to the bills of exceptions tendered, to the end that this court may consider and dispose of the appeal. Laws 1911, p. 139; R. S. 1909, Secs. 2030-2031; In re Bledsoe Hill, 222 Mo. 609; State ex rel. v. Gibson, 187 Mo. 550.

*Eugene McQuillin pro se; George B. Webster* for Clara Taylor.

BROWN, J.—Mandamus to compel the respondent as judge of the circuit court of St. Louis City, to settle, sign and file a bill of exceptions, in a cause appealed to this court.

The proceedings which led up to the issue of our alternative writ are as follows:

On March 17, 1911, and during the March term, 1911, of the probate court of St. Louis City, the relator, Louis Nolte, in his official capacity as sheriff of St. Louis City, filed an information in said court under the provisions of Secs. 474 and 477, R. S. 1909, alleging that one Clara E. Taylor, a resident of said city, was a person of unsound mind and incapable of managing her affairs.

Upon the filing of said information a jury was duly impaneled by said court, which jury, after hearing the evidence, returned a verdict sustaining the allegations of said information. Only ten of the jurors concurred in the verdict. Judgment was rendered on said verdict declaring the said Clara E. Taylor to be a person of unsound mind and incapable of managing her affairs.

During the said March term of said probate court, Clara E. Taylor filed therein her motion to set aside the verdict of the jury; whereupon said probate court made an order reciting the filing of said motion and

further reciting that the court "not being fully advised of and concerning same, doth take time to consider thereof."

No further action was taken by the probate court in said proceeding until July 10, 1911, on which day it entered an order setting aside the verdict of the jury so returned on March 17, 1911, and granting said Clara E. Taylor a new trial.

On July 13, 1911, relator Nolte filed in said probate court an affidavit and bond for appeal from the order of said court granting a new trial. The appeal was accordingly granted to the circuit court of St. Louis City and assigned to the division of said circuit court over which respondent presides.

On October 2, 1911, said Clara E. Taylor filed with respondent a motion to dismiss the aforesaid appeal from the probate court, on the ground that "no appeal lies in the circumstances of this case, the order granting the same being improvidently and erroneously made," and "because the order setting aside the finding and verdict of the jury was not a final determination of the matter in the probate court and no appeal would lie from the same."

On November 17, 1911, respondent, as judge of said circuit court, sustained said motion and dismissed the appeal; but for some reason not recited in relators' petition, respondent on December 1, 1911, set aside and vacated its order dismissing relators' appeal, and reinstated the motion to dismiss on his docket.

On January 5, 1911, the motion to dismiss was again sustained, and relators' appeal dismissed.

On January 18, 1911, relator Nolte filed in the circuit court what he designates as a "petition" and affidavit for appeal to this court from the order and judgment dismissing his appeal from the probate court. The allegations of this "petition" for appeal will be noted in our opinion.

On February 2, 1912, relator Edward M. Taylor also filed with respondent a "petition" for appeal, in which he describes himself as the husband of the aforesaid Clara E. Taylor, and for that, and other reasons, claimed the right to prosecute an appeal from the respondent's order dismissing the appeal granted by the probate court.

The conclusions we have reached render it unnecessary to decide whether Edward M. Taylor possessed any right to interplead or otherwise inject himself into this litigation.

Pursuant to relator Nolte's petition and affidavit for appeal from the circuit court, the respondent on February 3, 1912, granted him an appeal to this court, and also granted him ten days in which to prepare, have signed, and file his bill of exceptions.

Respondent in his return recites that relator Nolte prepared and presented to him a bill of exceptions within the time granted and allowed for that purpose, but that before said bill of exceptions was settled, signed and filed, respondent was served with a preliminary writ of prohibition issued by the Honorable St. Louis Court of Appeals, which writ prohibits said respondent from taking any further action in the matter of said information against Clara E. Taylor until the further order of said Court of Appeals.

Respondent in his return further states that he is willing to comply with our alternative writ, and allow, sign, seal and file the bill of exceptions as prayed by relators, provided he can do so without violating the writ of prohibition issued by the St. Louis Court of Appeals, which said writ of prohibition is still pending and undetermined in said Court of Appeals. Wherefore, respondent prays us to determine whether or not said writ of prohibition constitutes good cause why he should not allow, sign and file said bill of exceptions.

Upon the filing of respondent's return, relators move for a judgment on the pleadings.

I.   Upon the face of the pleadings we are requested to compel the respondent to violate a writ of prohibition issued by the St. Louis Court of Appeals.

As a ground for this unusual demand, relators insist that said Court of Appeals has no jurisdiction to hear or determine the appeal granted by respondent, and consequently, under the ruling of this court in State ex rel. v. Nortoni, 201 Mo. l. c. 24 to 29, the writ issued by the said Court of Appeals is void.   They contend that by reason of certain constitutional questions inserted by relators in their "petition for appeal" the St. Louis court of Appeals is deprived of jurisdiction to hear and determine the appeal, and is therefore without power to control or interfere with the appeal by its writ of prohibition.

Relators do not contend that any constitutional question was raised while the original cause was pending in the probate court, but assert that the dismissal by respondent of the appeal taken from said probate court violates the following provisions of the Constitution of Missouri:

Section 10, article 2, providing that courts shall be open to every person, etc.; section 30, article 2, guaranteeing due process of law, and sections 22 and 23, article 6, granting to circuit courts jurisdiction of appeals from and supervising control over probate courts.

A constitutional question cannot legally be injected into a cause appealed from the probate court, where no such issue was presented at the trial in such court.

A very similar question was presented to us in In re Strom's Estate, 213 Mo. 1; and in that case, this court speaking through GANTT, J., said:

"It is elemental in this State that on appeal from a probate court or a justice of the peace, the circuit court must try the case anew upon the same cause of action that was tried in the probate court or in the justice's court. It is obvious that the two constitutional questions imported into the case presented entirely new issues in the circuit court, issues which the probate court was not allowed to pass on, and this change of the cause of action, so to speak, was unauthorized. The appeal could not give the circuit court greater jurisdiction than the probate court had, or change the course of that appeal from the St. Louis Court of Appeals to this court."

It is manifest upon the face of the pleadings that the respondent is not intentionally refusing to perform any official duty. Whether the writ of prohibition was rightfully or wrongfully issued by the court of appeals, it appears beyond peradventure that it was issued and served, and it constitutes a valid reason for the respondent's refusal to sign and file the bill of exceptions.

If relators have any valid ground of complaint against any court, it must needs be against the Court of Appeals, which they insist has exceeded its jurisdiction.

It would be a novel procedure to convict the Honorable St. Louis Court of Appeals of exceeding its jurisdiction in an action to which that court is not a party.

To grant the relief relators seek in this action would amount to weaving an additional snarl into the warp and woof of our judicial procedure.

Our writ of mandamus certainly ought not to issue against one party because another party has done or is doing wrong.

II.   However, the petition of the relators harks back to their right to appeal from the order of the probate court granting Clara E. Taylor a new trial on the information which charges that she is a person of unsound mind.

We have many times through our writ of mandamus compelled circuit courts to sign and file bills of exceptions.  We will not hesitate to thus aid litigants in perfecting their appeals when the facts warrant such action on our part.  However, it is our rule in all classes of cases, to refuse to require either courts or litigants to perform vain or useless acts. [Darrier v. Darrier, 58 Mo. 222, 1. c. 234; Baker v. Railroad, 122 Mo. 1. c. 547 and 548; Morris v. DuPuy, 85 Mo. App. 1. c. 657.]

Therefore, if the relators' petition shows on its face that they are not entitled to an appeal and that if we compel respondent to sign and file the bill of exceptions, such appeal would not bring up any error which we could review, then no useful purpose would be served should we go through the idle formality of requiring such bill of exceptions to be signed.

Sec. 482, R. S. 1909, expressly confers upon the probate court the right, if "just cause appear" during the term at which the inquisition was had, to set aside the finding of the jury and require the facts to be inquired into by a new jury.  Relators, however, insist that the power of the probate court to set aside the verdict of the first jury expired with the term at which that verdict was returned.

It very clearly appears that Clara E. Taylor promptly filed her motion to set aside the verdict of the jury during the term at which it was returned, but the court of its own volition took the motion under advisement until its next term, and then sustained same.

Did this continuance of the motion for a new trial until the next succeeding term oust the probate court

of jurisdiction to consider or sustain it? We think not. There is nothing in the statutes which warrants such a construction. It would be a monstrous doctrine to penalize a litigant who is not in default by denying her a hearing to which by law she is entitled, simply because the court of its own motion continued her case to a succeeding term.

The Constitution of Missouri, Sec. 3, Art. 6, requires this court to prepare and file its opinions in all cases during the term at which such cases are submitted. But this constitutional provision, and statutes of similar import, have been treated as only directory. [Kraleman v. Sippel, 57 Mo. App. 598.]

The motion of Clara E. Taylor for a new trial in the probate court, is not set out, nor the substance thereof recited in relators' petition; therefore, we will indulge the presumption that said motion contains allegations which amount to "just cause" for setting aside the verdict of the jury, and granting her a new trial under the provisions of Sec. 482, R. S. 1909. The acts of probate courts are presumed to be regular until the contrary is shown. [Desloge v. Tucker, 196 Mo. l. c. 601.]

The order of the probate court setting aside the first verdict left the cause pending and undisposed of, so that there existed nothing from which to appeal to the circuit court; hence the order made by respondent dismissing said appeal is the only legal order which he could have made.

III. Decrees of probate courts adjudging persons to be of unsound mind are entirely unlike ordinary judgments. No appeal lies from such decrees, for the reason that by the statutes they remain *in fieri,* like a suit pending, and may be reopened and set aside at any subsequent term of the court when the insane person shall be restored to his right mind. [Sec. 519, R. S. 1909; Dutcher v. Hill, 29 Mo. 271, l. c.

274; In the Matter of Marquis, 85 Mo. 615; In the Matter of Crouse, 140 Mo. App. 545.]

The relators' insistence that the dismissal of the appeal by respondent deprives them of due process of law, is frivolous. It merely sends them back to the probate court for a trial in the only tribunal designated by the Legislature to hear and determine the issues presented by the information filed in that court by the relator Nolte.

For the reasons recited, our alternative writ of mandamus will be quashed and a peremptory writ denied.

All concur except *Woodson, J.*, not sitting.