STATE ex rel. CLARA TAYLOR, Relator, v. EUGENE McQUILLIN, Judge, Respondent.

St. Louis Court of Appeals, February 4, 1913.

1. INSANE PERSONS: Inquisition De Lunatico: Appeal from Order Granting New Trial: Jurisdiction of Circuit Court. The circuit court has no jurisdiction of an appeal from an order of the probate court granting a new trial in an *inquisition de lunatico.*

2. **PROHIBITION: Prohibiting Circuit Court: Jurisdiction of Courts of Appeals.** The courts of appeals have jurisdiction of a proceeding by prohibition to prevent a circuit court from undertaking to exercise jurisdiction of an appeal from an order of a probate court granting a new trial in an *inquisition de lunatico*.

### Original Proceeding by Prohibition.

WRIT MADE ABSOLUTE.

*George B. Webster* for relator.

*Randolph Laughlin* for respondent.

REYNOLDS, P. J.—Some time in January, 1912, relator presented her petition in this court, setting up certain facts touching proceedings in the probate court in the city of St. Louis which had been instituted there to determine the question of sanity or insanity of relator. It is set out in the petition that those proceedings resulted in a verdict finding her mentally unsound. Relator here thereupon and at the same term of that court, filed a motion for new trial and the judge of that court, taking it under advisement, continued it to the succeeding term and at that term granted a new trial. An appeal was granted from this by the clerk of the probate court in vacation of that court, to the St. Louis Circuit Court. There the relator appeared and moved to dismiss the appeal on the ground that that court had no jurisdiction. The motion appears to have been sustained by the circuit court, although resisted by Louis Nolte, the then sheriff of the city of St. Louis, who had instituted the proceedings in the probate court to have relator declared insane. After the motion to dismiss had been sustained by the circuit court the sheriff tendered a bill of exceptions and prayed an appeal to the Supreme Court, injecting into his motion for an appeal or motion against the sustaining of the motion to dismiss, various provi-

sions of the Constitution of this State. The circuit judge refused to allow and sign this or to permit one signed by bystanders to be filed. Preceding that, however, and in the course of these proceedings in the circuit court, Miss Taylor, the relator here, presented to one of the judges of this court, in vacation and at chambers, her petition for a writ of prohibition directed to the circuit court, prohibiting it from further entertaining jurisdiction of the appeal. An alternative writ was issued and after that, the sheriff, Mr. Nolte, procured from the Supreme Court an alternative writ of mandamus requiring the judge of the circuit court, the Hon. EUGENE McQUILLIN, to allow, sign and file the bill of exceptions which he had tendered to that court to the action of the court in dismissing the appeal. The facts connected with the whole case are so fully set out in the case of State ex rel. Nolte, Sheriff, et al. v. McQuillin, Judge, 246 Mo. 486, unofficially reported 151 S. W. 444, that it is entirely unnecessary to repeat them here. We refer to that for a full statement of them and of issues involved.

On the hearing of this case before the Supreme Court, as will be seen in the report of the case as above referred to, the Supreme Court vacated the alternative writ it had issued, and dismissed the case. Prior to the issue of the alternative writ of mandamus by the Supreme Court, the respondent judge made a return before us to which relators filed a reply, whereupon respondent filed a motion for judgment on the pleadings. As this motion is based entirely upon the claim that the case pending in the circuit court was beyond our jurisdiction on account of the constitutional questions which it was claimed had there been raised, while we allowed counsel to argue this case, which was done and the case finally submitted to us in February, 1912, we refused to pass upon it or take any further action in it until the determination of the case then pending before the Supreme Court. That decision, rendered

November 26th, a motion for rehearing overruled December 10, 1912, has been recently brought to our attention. Considering it and guided by it, there is nothing further left in the contention of respondent. It is very clearly determined by the Supreme Court in that case of State ex rel. Nolte v. McQuillin, supra, that the circuit court was without jurisdiction to entertain an appeal from the probate court in its action granting a new trial in an *inquisition de lunatico*. The Supreme Court having further eliminated all the claim that constitutional questions were properly before it, the case is within our jurisdiction.

Following the decision of the Supreme Court In the Matter of Marquis, 85 Mo. 615, and of our own court In the Matter of Crouse, 140 Mo. App. 545, 120 S. W. 656, approved in State ex rel. Nolte, supra, we hold that the circuit court was without any jurisdiction in this matter.

When the character of the case before it was called to the attention of the circuit court, it should have at once dismissed the appeal and refused to take any further steps in it.

The alternative writ of prohibition heretofore issued is made absolute. *Nortoni* and *Allen, JJ.*, concur.