ETHEL MARTIN, Appellant, v. ROBERT D. CLAXTON.

Division One, May 23, 1925.

1.  **INTESTACY: Illegitimate Child of Mother: Unmentioned in Will.** By the statutes of Missouri (Secs. 311, 514, R. S. 1919) the mother of an illegitimate child who is not named in the mother's will dies intestate as to her said child, and such bastard child is entitled to share in the mother's estate to the same extent as legitimate children would inherit from their mother who dies intestate.

2.  ————: **Pretermitted Illegitimate Children: Statute.** Section 514, Revised Statutes 1919, providing that if any person make a last will and die, leaving children not named or provided for in such will, such testator shall be deemed to die intestate as to such children, and such children shall be entitled to such a proportion of the testator's estate as if he had died intestate, applies to and includes the illegitimate children of the mother who makes a will in which such bastard children are not named or provided for. Section 311 expressly provides that illegitimate children shall be capable of inheriting from their mother in like manner as her children lawfully

begotten, and Section 514 was enacted to preserve the inheritable rights of all pretermitted children capable of inheriting from their parents. [Overruling, so far as conflicting, Bent's Administrator v. St. Vrain, 30 Mo. 268.]

Citations to Headnotes: Headnote 1: **Descent and Distribution**, 18 C. J. sec. 68. Headnote 2: **Descent and Distribution**, 18 C. J. secs. 44, 68, 75.

Appeal from St. Louis City Circuit Court.—*Hon. Robert W. Hall*, Judge.

REVERSED AND REMANDED (*with directions*).

*Jones, Hocker, Sullivan & Angert, Richmond A. E. Evans* and *Wm. A. Kinnerk* for appellant.

(1) The court erred in holding that plaintiff was not entitled to claim the benefit of Sec. 514, R. S. 1919, because the plaintiff is entitled to inherit from her mother. Sec. 311, R. S. 1919; Moore v. Moore, 169 Mo. 432; Moore v. Stewart, 122 Mo. 295; Bernero v. Goodwin, 267 Mo. 436; Hahn v. Hammerstein, 272 Mo. 257; In re Cupples Estate, 272 Mo. 472; Willis v. Robinson, 291 Mo. 689; Estate of Wardell, 57 Cal. 484; Eaton v. Eaton, 88 Conn. 269; Briggs v. Greene, 10 R. I. 495. (2) The old common-law definition of "child" or "children" is no longer followed in this State, but must give way to statutory definitions and the spirit of the law of descents and distribution. Cases supra; Notes in 30 L. R. A. (N. S.) p. 914, L. R. A. 1918B, p. 119, L. R. A. 1918F, p. 1082, 15 A. L. R. 1265; Lewis v. Eutsler, 4 Ohio St. 354; Garland v. Harrison, 8 Leigh (Va.) 368.

*Arnold Loewenstein* for respondent.

(1) Sec. 514, R. S. 1919, refers to legitimate children only, and an illegitimate child has no interest in the estate of its mother who died testate without mentioning such child in her will. Accordingly, appellant has no interest in the real estate involved, and her bill was

properly dismissed. Baker v. Stucker, 248 S. W. 1003, approving: Kent v. Barker, 2 Gray (Mass.) 535; King v. Thissell, 222 Mass. 140; Mansfield v. Neff, 43 Utah, 258, 269. (2) Whenever the words "child" or "children" are used in a statute, will or deed, they are held by the prevalent rule of construction to mean legitimate child or children only. That is the law in this State, so that in construing Sec. 514, R. S. 1919, the words child or children do not include illegitimate offspring. Cases, supra; Bent's Administrator v. St. Vrain, 30 Mo. 268; Gates v. Seibert, 157 Mo. 254, 272; 7 C. J. p. 959; Blacklaws v. Milne, 82 Ill. 505; Robinson v. Georgia Railroad & Banking Co., 117 Ga. 168; Hicks v. Smith, 94 Ga. 809; Peerless Pacific Co. v. Burchard, 90 Wash. 224; Bell v. Burnstead, 14 N. Y. Supp. 697, 698. (3) Sec. 311, R. S. 1919, merely permits an illegitimate child and its mother to inherit from one another. It does not change the status of the child. It does not make such child legitimate. It it in derogation of the common law. Its terms cannot be extended by implication or construction beyond its express terms. It is operative only in cases of intestacy and must be strictly construed. Baker v. Stucker, 248 S. W. 1003; Kent v. Barker, 2 Gray (Mass.) 535; Mansfield v. Neff, 43 Utah, 258, 269; 3 R. C. L. 774; 7 C. J. 960; Brisbin v. Huntington, 128 Iowa, 166. (4) Statutes like Sec. 514, R. S. 1919, providing that parents shall be deemed to have died intestate as to children or descendants of children omitted in their will, are a restriction upon the right of alienation of their property, the right to dispose of their property as they see fit and to devise or bequeath it by will as they desire. Such statutes are in derogation of the common law. They should be strictly construed and their terms should not be extended by implication. Baker v. Stucker, 248 S. W. 1003; Mansfield v. Neff, 43 Utah, 258, 269; 18 C. J. 839. (5) The cases cited by appellant relating to the rights of adopted children in the estate of the adopting parent are neither in point nor analogous, as they are based upon statutes which by their express terms

make such a child a legal child entitled to all the rights of child born in lawful wedlock. By the very event of adoption the adopted child becomes a legal child of the adopting parent. Secs. 1101, 1671, 1673, R. S. 1909; Power v. Halfey, 85 Ky. 671; Bray v. Miles, 23 Ind. App. 432; Hemphries v. Davies, 100 Ind. 274.

WOODSON, J.—This is an ejectment suit brought by the plaintiff in the Circuit Court of the City of St. Louis, against the defendant, for the recovery of a certain house and lot, located in said city and particularly described in the petition. The petition was in conventional form, and the damages were placed at $1,000 for the unlawful withholding of the premises, and the monthly rents and profits were stated to be $30 per month.

The answer consisted of a general denial, a plea that the plaintiff was the illegitimate child (a bastard) of the defendant's wife, and a cross-bill; but the matters set up in the cross-bill passed off in the trial and were not preserved in the record. Consequently we shall pay no further attention to it.

The court found the facts for the defendant, and after moving unsuccessfully for a new trial, the plaintiff duly appealed the cause to this court.

The facts of the plaintiff's case are agreed to and are as follows:

"That the plaintiff herein was the illegitimate daughter of Annie Claxton, wife of Robert D. Claxton, and that she was born to the said Annie Claxton long prior to the marriage between the said Annie Claxton and Robert D. Claxton; that said Robert Claxton was not the father of the plaintiff, and never recognized her as such, and that plaintiff never was adopted by defendant or the said Annie Claxton, his wife."

And this was all the evidence offered in behalf of the plaintiff.

The defendant to sustain the issues on his part offered the following evidence: the last will and testament of Annie D. Claxton, the deceased wife of defendant.

Said will is dated February 6, 1899, and was admitted to probate in the Probate Court of the City of St. Louis on April 2, 1915. By said will the testatrix devised and bequeathed all of her property, including the property sued for, to her husband, the defendant, Robert D. Claxton. The plaintiff, Ethel Martin, was not mentioned in said will either expressly or impliedly. By said will, the defendant, Robert D. Claxton, was appointed the executor thereof.

There was also evidence offered in behalf of the plaintiff tending to show that said Annie Claxton, mother of plaintiff, died in the city of St. Louis, Missouri, on the 15th day of March, 1915, and that Robert D. Claxton, defendant, qualified in the Probate Court of the City of St. Louis, Missouri, as executor of her last will and testament, which will was duly admitted to probate in said court; that he also filed, as required by law, an inventory and appraisement of the estate of said Annie Claxton, in said court, which inventory and appraisement is in words and figures as follows, to-wit: Said inventory lists among the property of the estate the real estate sued for herein, the inventory and appraisement being in the usual form, and sworn to by Robert D. Claxton, executor.

The defendant himself being sworn, his competency as a witness was objected to on the ground that the other party to the contract, as set forth in his answer and cross-bill, being dead, he was disqualified, under the statute, from testifying. This objection was overruled, and an exception to the ruling was duly saved.

On January 10, 1922, the court took the cause under advisement, and thereafter on the 6th day of February, 1922, and during the February, 1922, term of said court, found the issues in favor of the defendant, filing the following memorandum of an opinion, and concluding with the following entry: "Bill dismissed; legal title in defendant; defendant's crossbill dismissed."

"*Memorandum and Decision of Court.* This is a suit in ejectment brought by the alleged daughter of

defendant's deceased wife.  At the outset it is admitted that plaintiff is the illegitimate (bastard) child of defendant's deceased wife; that the wife always lived in this country; that the deceased wife was born in Ireland and came to this country and thereafter married defendant; that the defendant never saw or knew plaintiff, and that the record title to the property in question was in defendant's wife at her death and by her will was bequeathed to her husband, the defendant herein.

"The contention of the plaintiff is that she being the daughter of the deceased, there being no children born of the marriage, she is entitled to the property under Section 311, Revised Statutes 1919, which section reads as follows:

" 'Sec. 311.  Bastards shall be capable of inheriting and transmitting inheritance on the part of their mother, and such mother may inherit from her bastard child or children, in like manner as if they had been lawfully begotten of her.'

"The defendant relies upon Section 514, Revised Statutes 1919, which is as follows:

" 'Sec. 514.  If any person make his last will, and die, leaving a child or children, or descendants of said child or children in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part.' "

There was no dispute as to the facts of the case, and it is practically admitted that the court's findings were correct, so the only question presented by the record is one of law (the question of the defendant's equitable interest in and to the property dropped out of the case

with the cross-bill) and that is the proper construction of Sections 311 and 514, Revised Statutes 1919.

I. Counsel for appellant contends, first, that the court erred in holding that the plaintiff was not entitled to claim the benefit of Section 311, Revised Statutes 1919, before quoted in the statement of the case, because that statute provides that she was entitled to inherit from her mother and thereby abrogated the common-law rule upon that subject.

**Bastards: Pretermitted Heirs of Mother.**

In the construction of statutes modifying or abrogating the common-law rule governing any matter, one of the principal rules of construction is to ascertain what the common-law was, and the vice therein intended to be remedied, and then apply the statute to the subject-matter, and, if a wise statute, it will abrogate the evil existing under the common-law rule.

At common law *nulla filia,* an illegitimate daughter, was considered no person at all, and therefore was incapable of inheriting from either father or mother.

Whatever may have been the indiscretion and folly of the parent of such children, the Legislature seeing the great wrong done and hardship imposed upon such children by the common-law rule, undertook to correct the evil, first as to the children of the mother, because such children of hers were as easily identified as are her ligitimate children, but presumably not so as to the father, and for that reason the statutes were first made applicable to the illegitimate children of the mother. So far as I am concerned, I see no sound reason why the illegitimate children of both men and women, when known, may not inherit from both. I see no immoral principle which would or should prevent them inheriting their parents' estates. But be that as it may, it was clearly the design of the Legislature by the enactment of Section 311, Revised Statutes 1919, to abrogate the common-law rule as to the illegitimate children's right to inherit property from their mother, and to give to them that

right, also to the mother the right to inherit from them. That being so, the statute is clearly remedial, and must therefore be liberally construed, as all such statutes must be.

There is no question but what the language of this statute is broad enough to include the plaintiff as an heir in this case. Therefore she should recover in this case as the heir of her deceased mother. But counsel for respondent meet that contention by saying that the word child or children as used in said Section 311 construed with Section 514, means only legitimate children, or children born in lawful wedlock, and not a bastard, or illegitimate child, and that an illegitimate child has no interest in the estate of its mother who dies testate without mentioning such child in her will.

They reach this conclusion by saying that at common law a bastard was not a person, he or she is nobody, and therefore is not considered a child within the meaning of the law, and consequently could not inherit (which unquestionably is true) and that statute being in derogation of the common-law, it must be strictly construed.

In my opinion counsel for respondent is in error in this contention for the reason that the statute was clearly enacted in favor of humanity and almost all such statutes, with but few exceptions, must be liberally construed in order to give the unfortunate children the benefit of the statute. Otherwise why was the statute enacted?

Section 311 expressly provides that illegitimate children shall be capable of inheriting from their mother in like manner as if they had been lawfully begotten. So we see by this statute, the illegitimate and legitimate children are placed upon the same and equal footing, in so far as their rights of inheriting property from their mother is concerned, consequently we must construe Sections 311 and 514 together, and when so done, the latter section does not exclude *nullius filius* or *nulla filia*, but includes illegitimate children just as well as legitimate children. This is the clear and unambiguous meaning of the two statutes when construed together, which must be done.

Whatever is said by this court in the case of Bent's Administrator v. St. Vrain, 30 Mo. 268, if in conflict herewith, is overruled and not followed, because not in harmony with our statutes before quoted and the following authorities:    Moore v. Moore, 169 Mo. 432; Moran v. Stewart, 122 Mo. 295; Bernero v. Goodwin, 267 Mo. l. c. 436; Estate of Wardell, 57 Cal. l. c. 484; Eaton v. Eaton, 88 Conn. 269; Briggs v. Greene, 10 R. I. 495; Case Note, 30 L. R. A. (N. S.) 914; Case Note, L. R. A. 1918B, 119; Case Note, L. R. A. 1918F, 1082; Case Note, 15 A. L. R. 1265; Lewis v. Eutsler, 4 Ohio St. 354; Garland v. Harrison, 8 Leigh, (Va.) 368.

II.    Counsel for appellants also insist that the trial court erred in permitting the respondent to testify in the case when the other party to the cause of action in issue and on trial was dead.    It will be unnecessary to pass upon this question as it passed out of the case in the cross-bill, and the views heretofore expressed fully dispose of the question.

Witness.

III.    For the reason given the judgment of the circuit court is reversed and the cause remanded, with directions to enter judgment for the plaintiff.    All concur.