In re ESTATE of C. W. DAVIDSON,
Deceased.

Pauline EARRING, Appellant,

v.

Verna DAVIDSON et al., Respondents.

No. 61934.

Supreme Court of Missouri,
Division One.

Nov. 12, 1980.

David L. Smith, Branson, for appellant.

Jerry L. Redfern, Springfield, for respondents.

ROBERT R. WELBORN, Commissioner.

Proceeding for determination of heirship. Pauline Earring filed Petition for Determination of Heirship in Taney County Probate Court, claiming right to share in the estate of C. W. Davidson, deceased. Petition alleged that Pauline was daughter of decedent, born out of wedlock, and that decedent had acknowledged and recognized her as his child during his lifetime and that, under Section 474.010, RSMo 1969, she was entitled to inherit as an heir of the decedent. A motion to dismiss was filed by administratrix, the widow of decedent, and also in behalf of widow individually and two sons of decedent. Probate court dismissed petition on grounds that it stated no claim upon which relief could be granted.

Petitioner appealed to circuit court, relying upon petition in probate court. Parties who had been successful in probate court filed an answer, denying allegations of motion as to paternity of movant and her right to inherit. Answer incorporated by reference the parties' motion in the probate court, which alleged, among other grounds, that by virtue of Section 474.060, RSMo 1969, movant as a child born out of wedlock was entitled to inherit only from her mother.

A hearing was held in the circuit court. The movant's trial brief asserted that construction of Section 474.060 to preclude inheritance by an illegitimate child from its father rendered it unconstitutional under *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). The respondent's trial brief attacked this contention as not before the court, not having been raised in the probate court and no constitutional issue having been pleaded by the petitioner.

Evidence was heard and at the conclusion the court found that the petitioner was the child of the decedent, born out of wedlock,

but that as a matter of law she was not entitled to inherit from the decedent. No express finding was made on the constitutional question.

Petitioner's motion for new trial asserted her constitutional question. Respondents moved to strike the constitutional objection as not timely raised. No action was taken on the after–trial motions and notice of appeal was filed upon the judgment's becoming final.

In this Court, the real issue is the timeliness of appellant's constitutional attack upon Section 474.060. Appellant's sole point rests upon the claimed unconstitutionality of that statute. She has not endeavored to support the allegation of her original motion to the effect that the decedent during his lifetime acknowledged her as his child. Respondents' position is based upon the heretofore established rules which prevent inheritance, as a general rule, by an illegitimate child from its father. See *Martin v. Claxton*, 308 Mo. 314, 274 S.W. 77 (1925); *Hahn v. Hammerstein*, 272 Mo. 248, 198 S.W. 833 (banc 1917). Respondents at the trial in the circuit court interposed and briefed numerous objections to the petitioner's evidence, based primarily upon the Dead Man's Statute, § 491.010, RSMo 1978. However, they do not attempt to support the ruling below on such grounds and, without challenging appellant's constitutional argument, rest on the contention that the trial court properly refused to consider the constitutional question because it had not been properly raised.

In the case of *In re Strom's Estate*, 213 Mo. 1, 111 S.W. 534 (1908), a petition was filed in the probate court, seeking to set aside an order directing the executor to take charge of the decedent's real estate. The probate court overruled the motion and an appeal was taken to the circuit court. In the circuit court, the movant amended his motion to allege that the order of the probate court violated specified provisions of the United States and Missouri Constitutions. The circuit court overruled the motion and the movant appealed to the Missouri Supreme Court.

In rejecting the appeal, the court stated (111 S.W. 536):

"2. Did the adding of the two constitutional grounds to the motion, after the appeal reached the circuit court, so raise constitutional questions that it is incumbent on this court to retain jurisdiction of the appeal? It is elemental in this state that on appeal from a probate court or a justice of the peace, the circuit court must try the case anew upon the same cause of action that was tried in the probate court or in the justice's court. It is obvious that the two constitutional questions imported into the case presented entirely new issues in the circuit court, issues which the probate court was not allowed to pass on, and this change of the cause of action, so to speak, was unauthorized. The appeal could not give the circuit court greater jurisdiction than the probate court had or change the course of that appeal from the St. Louis Court of Appeals to this court. We have on various occasions held that this court will look deep enough into the record to ascertain whether we have jurisdiction, and we hold now with this record before us that the insertion of those alleged violations of the Constitution in the motion in the circuit court was without authority of law and does not confer jurisdiction on this court of this appeal, and must be treated as an attempt to incorporate matter in the record which has no place there and should be disregarded in the determination of the propriety of the action of the probate court on the motion heard by it. Constitutional questions can no more be raised for the first time in the circuit court on appeal than they can in this court."

See also *State ex rel. Nolte v. McQuillin*, 246 Mo. 586, 151 S.W. 444, 445[1] (1912).

■ In this case, there is no allegation that a constitutional question was presented to the probate court. Such question not having been presented to that court, there is no occasion to consider whether the method of raising the issue in the circuit court would have been sufficient, if the issue

could have been there raised for the first time.

Appellant urges that the public interest in the issue raised is such that this Court should consider the constitutional problem, without regard to the failure to meet procedural requirements.

The Supreme Court has, on occasions when its jurisdiction has been otherwise invoked, decided constitutional questions although the questions had not been raised in accordance with the applicable rules. *Harris v. Bates*, 364 Mo. 1023, 270 S.W.2d 763, 766[3, 4] (1954); *State ex rel. McMonigle v. Spears*, 358 Mo. 23, 213 S.W.2d 210, 212[5, 6] (banc 1948), and *Stemme v. Siedhoff*, 427 S.W.2d 461 (Mo.1968), cited by appellant, are examples of such practice.

■ In this case, the constitutional question is the sole basis for the asserted jurisdiction of this Court. Whether or not in such circumstances this Court might be justified in invoking Rule 83.04 and retaining jurisdiction of the cause solely on the grounds that the question is one of general interest or importance need not be decided. In view of the enactment of the new probate code, which includes an amendment of Section 474.060, permitting inheritance from his father of a child born out of wedlock, subject to compliance with the conditions there presented (Senate Bill No. 637, 80th General Assembly, Second Regular Session), effective January 1, 1981, the question here presented is not now of such general interest or importance as would call for the application of Rule 83.04.

Inasmuch as appellant has raised only constitutional questions, this Court will retain jurisdiction solely for the purpose of dismissing the appeal (*Foremost–McKesson, Inc. v. Davis*, 488 S.W.2d 193 (Mo. banc 1972)) rather than transferring the case to the court of appeals for that purpose.

Appeal dismissed.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.