## THE STATE ex rel. ALFRED W. FLEMING, v. ROBERT L. SHACKELFORD, Judge of Probate.

In Banc, December 31, 1914.

1. **MANDAMUS: To Compel Court to Exercise Jurisdiction.** Mandamus will lie to compel a court which has jurisdiction of a cause to proceed to exercise its jurisdiction, although it may be of the opinion that under the law it has no jurisdiction. Being of the opinion that under the existing status of the case it has no power under the law to make a certain order requested, but having that power, mandamus is the remedy to compel it to exercise its discretion.

2. **CURATOR AND WARD: Partial Distribution: Jurisdiction of Probate Court.** A probate court, in the exercise of a judicial discretion, has power to direct a curator to make a partial distribution of the ward's estate, while there is pending and undis-

posed of exceptions filed by the ward to the curator's final settlement.

3. ———: ———: ———: **Aided By Equitable Principles.** To the probate court has by statute been confided the control and management of a ward's estate, and it may direct a payment to be made to the ward or for the ward's benefit; and while there is no specific statute directing the court to make a partial distribution pending exceptions to the curator's settlement, yet as there is no statute which prohibits such distribution, it can call to its aid both legal and equitable principles in reaching a proper judgment or order.

4. ———: ———: **Facts Calling For Exercise of Discretion.** To allow a curator to withhold the whole estate until the end of a long litigation over contested exceptions to the curator's final settlement, tends to discourage the ward from insisting upon his rights, and weakens his power to assert them, since he-is without funds; and, to require a partial distribution where there is an undisputed large balance in his favor, reserving enough to pay costs of litigation, will do the curator no harm; and under such circumstances, the probate court should exercise a sound judicial discretion.

### Mandamus.

WRIT ISSUED.

*Leahy, Saunders & Barth* and *John B. Reno* for relator.

(1) Mandamus is the only available remedy. (a) There is no statutory authority for an appeal. A refusal to make an order of distribution is not "a final order or judgment of the probate court" from which an appeal may be taken. Sec. 463, R. S. 1909, assimilates appeals in cases of administration of the estates of minors and the estates of deceased persons. And the section controlling appeals in the administration of decedents' estates (Sec. 289, R. S. 1909) gives no right of appeal in cases analogous to the one at bar. State v. Fowler, 108 Mo. 465; State ex rel. v. Guinotte, 113 Mo. App. 399; Flick v. Schenk, 212 Mo. 275; Marshall v. Estate of Shoemaker, 164 Mo. App. 429. Ordinarily an appeal is not open where the action of the court is purely negative. 2 Woerner, Administration (2 Ed.), sec. 545. (b) In any event, it is well established that mandamus is the only proper remedy where

a "court refuses to proceed with a case, because the court was of opinion that it did not have jurisdiction," and, further, that "a dismissal on the ground of the want of jurisdiction is not such an assumption of jurisdiction as to require its review by appellate proceedings." State ex rel. v. Homer, 249 Mo. 64; State ex rel. v. McElhinney, 246 Mo. 56; State ex rel. v. Broaddus, 239 Mo. 359; State ex rel. v. Grimm, 220 Mo. 483; State ex rel. v. Smith, 172 Mo. 446; State ex rel. v. Smith, 172 Mo. 618; State ex rel. v. O'Bryan, 102 Mo. 259; State ex rel. v. Philips, 97 Mo. 331; Castello v. Circuit Court, 28 Mo. 274; State ex rel. v. Reynolds, 121 Mo. App. 711. (2) A peremptory writ of mandamus should be awarded. (a) It is settled that while probate courts are not invested with independent equity jurisdiction, nevertheless they have such extensive inherent equity powers in the administration of estates as to make their jurisdiction in so far practically exclusive. "The circuit courts of this State have no jurisdiction whatsoever in matters pertaining to probate business, except in rare instances. The jurisdiction over all such matters is given to the probate courts by the Constitution and laws of this State." Constitution, art. 6, sec. 34; Sec. 4056, R. S. 1909; Meeker v. Straat, 38 Mo. App. 244; In re Ford, 157 Mo. App. 152; Pearce v. Calhoun, 59 Mo. 274; Titterington v. Hooker, 58 Mo. 593; In re Estate of Elliott, 98 Mo. 384; Scott v. Royston, 223 Mo. 568; Matson & May v. Pearson, 121 Mo. App. 120; Lietman v. Lietman, 149 Mo. 112; Brewer v. Cary, 148 Mo. App. 193. (b) Clearly, questions relative to the transfer of assets shown to be on hand by the curator's final settlement are matters essentially "pertaining to probate business." Yoeman v. Younger, 83 Mo. 424; Bombeck v. Bombeck, 18 Mo. App. 26; State ex rel. v. Greer, 101 Mo. App. 675. (c) It follows that in the case at bar the probate court had jurisdiction to order to the ward, upon his attaining majority, a transfer of such a portion of the undisputed

assets, shown by the curator in its final settlement to be due, as the court in its judicial discretion might deem proper.

*T. K. Skinker* and *Thomas H. Sprinkle* for respondent.

(1) This court has no power to grant a writ of mandamus in this case, because the respondent, acting in his judicial capacity as judge of the probate court, has decided relator's motion on the ground that pending a final settlement with exceptions filed, he has no power to make such an order. State ex rel. v. Riley, 219 Mo. 667; State ex rel. v. Neville, 110 Mo. 345; State ex rel. v. Fort, 180 Mo. 108; State ex rel. v. Megown, 89 Mo. 156; State ex rel. v. Grimm, 220 Mo. 483; R. S. 1909, sec. 456. (2) Respondent had no power under the statute to order a partial payment. R. S. 1909, secs. 456, 458, 459; State ex rel. v. Fowler, 108 Mo. 465; State ex rel. v. Bird, 253 Mo. 569, 579; R. S. 1909, secs. 222, 238, 458. (3) The peremptory writ should not be issued, because it would violate the rule against splitting causes of action. Pomeroy's Code Remedies (4 Ed.), p. 470; Donnell v. Wright, 147 Mo. 646; Bank v. Tracey, 141 Mo. 258; Phillips v. Laclede County, 76 Mo. 69; Union R. & T. Co. v. Traube, 59 Mo. 362; Wagner v. Jacoby, 26 Mo. 532; Pfeiffer v. Suss, 73 Mo. 245; Hoffman v. Hoffman's Executor, 126 Mo. 497. (4) The peremptory writ should not be issued because it would accomplish nothing. High on Extraordinary Legal Remedies, secs. 14, 548; State ex rel. v. Railroad, 77 Mo. 143; State ex rel. v. Halladay, 65 Mo. 76. (5) It should not be issued because no demand was ever made upon respondent for the relief now sought. State ex rel. v. LeSeuer, 136 Mo. 459; State ex rel. v. Associated Press, 159 Mo. 421; Abbott v. Adcock, 225 Mo. 363. (6) The fact that the prayer of relator is in the alternative is fatal to his claim for relief. School District v. Lauderbaugh, 80 Mo. 194;

State ex rel. v. Hudson, 226 Mo. 265.   (7)  The fact
that there is no appeal from Judge Shackelford's de-
cision does not confer upon relator the right to proceed
by mandamus.   Millar v. Transit Co., 216 Mo. 103;
Barnes v. Construction Co., 165 S. W. 728; State ex
rel. v. Neville, 110 Mo. 349; State ex rel. v. Bates, 235
Mo. 282.

GRAVES, J.—Original action in mandamus.   The
facts are few and simple, as we gather them from the
record before us.   The Trust Company of St. Louis
County, a corporation, was and is curator of the es-
tate of Alfred W. Fleming, in the probate court of
St. Louis county.  In September, 1913, the said Flem-
ing attained his majority.   At the November term of
said probate court following the date at which Fleming
reached his majority said Trust Company filed its
statement of accounts for final settlement, by which it
was shown that the Trust Company was indebted to
its ward in a sum exceeding $107,000.   Later a sup-
plemental statement was filed showing that the curator
had paid its ward some more money and showing a
balance of $102,000 and over.   Fleming, the ward,
promptly filed exceptions to this settlement, and those
exceptions are still pending and undisposed of at this
time.  With these exceptions pending, Fleming through
his counsel filed in the probate court a motion, the
purpose of which was to have that court to direct his
curator, the Trust Company, to pay to him all of the
said $107,000, except such sum as the court should
deem sufficient to cover all costs and expenses of liti-
gating the pending exceptions to the final settlement
of the said curator.   When this application or motion
of Fleming came to be heard, the probate court thus
disposed of it:

"Now on this day the petition of Alfred W. Flem-
ing, heretofore filed and presented to the court, pray-
ing for an order of distribution of the funds belonging

to him in the possession of the Trust Company of St. Louis County, his curator, coming on for final consideration and determination; and the court having seen and heard said petition and the evidence adduced and argument of counsel for and against said petition, the court doth find that said petitioner, Alfred W. Fleming, has arrived at the age of majority.

"As the court further finds, said curator has filed in this court its final settlement in the estate of said petitioner, showing a large amount of assets in its possession belonging to said estate; and the court further finds that said final settlement is now pending before the court and has not been considered or approved.

"The court further finds that it has no jurisdiction to make an order of distribution of said estate, or any part thereof at this time. It is therefore ordered that said petition be and the same is hereby overruled and denied."

After the issuance of our alternative writ the said Fleming again presented his petition for a partial distribution, and the court again refused it by an entry in the following language:

"Now on this day comes on to be heard the petition of Alfred W. Fleming, filed herein on the 16th day of June, 1914, again praying for an order directing the payment to him by the Trust Company of St. Louis County, curator of his estate, of a sum of money designated as $107,157.35, less such amount as may be necessary to defray any expenses reasonably incurred by the said Turst Company in the defense of pending exceptions, and it appearing to the court that such sum constitutes but a part of the estate claimed by said Fleming to be due to him from the said Trust Company; that there is on file in the court an account offered by said Trust Company for the final settlement of said estate, and that exceptions to said account were filed by said Fleming on the 5th day of January, 1914, alleging that other large sums of money are due to

him from said Trust Company aside from the balance shown by said account to be on hand; and it appearing that said exceptions remain unheard and undetermined; and the court being of opinion that until said exceptions are determined and the full and true amount due from said Trust Company as curator to petitioner is ascertained, the court has no power to order the said Trust Company as curator to make any payment to petitioner, the said petition is for that reason denied.''

These facts we gather from the return. The case stands here on a motion for judgment upon the pleadings. In such case the facts of the return are the facts of the case here, in so far as they controvert the allegations of the petition.

From the record it is not disputed that the curator owes the ward at least $102,000. Under these facts should the probate court be directed by mandamus to consider the question of ordering a partial distribution of the estate? This is the single and sole issue.

I. 'This case presents at least two very nice questions. The first is one which lies at the very threshold of the case. That question is, will mandamus lie on this record? We think so, if the probate court possessed the discretionary power of ordering and directing a partial distribution of the ward's estate. This latter question is the second very nice proposition involved in the case. For the purpose of this point we shall proceed upon the theory that the probate court in the exercise of a sound judicial discretion, could direct a partial distribution. If the probate court, in the exercise of a sound judicial discretion, has the power to order and direct a partial distribution of the ward's estate (a matter we will discuss in the next paragraph) then our peremptory writ should go, because by a proper application the relator has invoked the exercise of this sound judicial discretion,

Mandamus:
Remedy:
Exercise of
Jurisdiction.

State ex rel. v. Shackelford.

and in our judgment the probate court has declined to consider the merits of that application.

We do not gainsay the rule that mandamus will not lie to compel the doing of a thing which has been done. If this record would bear the construction that Judge Shackelford in passing upon relator's application for a partial distribution of his estate, was of the opinion that he had the jurisdiction, or in other words the power and right, to exercise his discretion at the time, and so recognized his said power and right, did by his order undertake to exercise his judicial discretion in the matter, then this writ should be refused. To phrase the proposition differently, if Judge Shackelford recognized the fact that, under the law, in the exercise of a wise judicial discretion, he was possessed of full power to order a partial distribution of the ward's estate, but in making his orders he meant to and did exercise that discretion, then our writ should be denied. But is this the status of this record? We think not. It is clear to our mind that Judge Shackelford was under the impression that under the law he was without power or jurisdiction to act in the matter whilst these exceptions were pending. In other words the force and effect of the order made is simply determining the preliminary question of jurisdiction, i. e., his right to hear and determine from a jurisdictional viewpoint. It does not appear to us from these proceedings in the probate court that Judge Shackelford recognized his jurisdiction or power to exercise his judicial discretion on the merits of the application, and did in fact exercise it. On the other hand it does appear from this record, in our judgment, that Judge Shackelford did not exercise his judicial discretion as to what order he should make under the application and the facts of the case, but that he declined to enter into that matter because he was of opinion that he was without the right or power so to do at that time. In other words, that he was without jurisdiction. If this be

the status of the record, then, if he was in error as to his jurisdiction, our writ should go directing him to determine the application upon its merits.

We have so recently been over this exact question in the case of State ex rel. v. Homer, 249 Mo. 58, that we can add but little to what was there said. In that case we have fully collated the cases in this State and elsewhere. In that case the circuit court had declined to proceed with a case, because it was under the impression that it was without jurisdiction. In that case, among other things we then, at page 66, said:

"But aside from this there is much respectable authority to the effect that mandamus is the only proper remedy where a circuit court refuses to proceed with a case, because the court was of opinion that it did not have jurisdiction of the cause, or of the parties to the cause. In the circuit court case the trial. court refused to entertain jurisdiction and proceed with the case upon a preliminary objection to the return of service to the process. In the very early case of Castello v. St. Louis Circuit Court, 28 Mo. l. c. 274, we had up a very similar question. The question there was whether a notice of contest in a contested election case was sufficient to give the circuit court jurisdiction to hear and determine the case upon its merits. The circuit court held the notice insufficient and refused to proceed further with the case. This court issued its alternative writ and then proceeded to determine whether or not the trial court was right or wrong in refusing to proceed further. We held that the trial court was right and that the notice was insufficient, and denied the peremptory writ for that reason, but in the course of the opinion we thus spoke upon the question in issue here:

"'Upon the facts disclosed in the petition in this case for a mandamus upon the circuit court, a majority of this court determined that a conditional mandamus should be awarded, and it was accordingly so ordered.

This determination was based upon the principle that where an inferior judicial tribunal declines to hear a case upon what is termed a preliminary objection, and that objection is purely a matter of law, a mandamus will go, if the inferior court has misconstrued the law. The cases of the King v. The Justices of the West Riding of Yorkshire, 5 Barn. & Adol. 667, and Rex v. The Justices of Middlesex, 5 B. & Ad. 1113, The King v. Hewes, 3 Ad. & Ellis, 725, and Regina v. The Recorder of Liverpool, 1 Eng. Law & Eq. R. 291, are believed to be conclusive upon this point so far as the English authorities go; and our attention had not been directed to any American cases conflicting with this view of the law. If the circuit court declined to go into the merits of the case because the party complaining had not given the notice required by the statute, that was a preliminary objection upon a point of law which this court can review upon a writ of mandamus; and if the circuit court called for a notice which the statute did not require, the mandamus ought to be made peremptory.

" 'It is not deemed important to go into any extended examination of this question, since upon the return to the conditional mandamus by the circuit court, we were satisfied that the construction which that court gave to the statute was correct.'

"So in the case at bar. The trial court entertained an objection to a preliminary matter and then refused to proceed further. The return was before the court and was therefore an undisputed fact, and it was thus a pure question of law as to whether the court should hear the case upon its merits. The doctrine of the Castello case, supra, has since met with the express approval of this court in the later case of State ex rel. Bayha v. Philips, 97 Mo. l. c. 347.''

We refer the curious to the full line of cases reviewed in the Homer case. The doctrine shortly summarized is this: If the lower court, upon a preliminary

question of jurisdiction, which question of jurisdiction, is to be determined from the law of the case, rather than the facts, resolves the question of jurisdiction against the applicant or plaintiff, and for that reason declines to consider the merits of the case, then mandamus will lie to compel such court to proceed, upon the merits, if we, under the law determine that such court possessed the jurisdiction. Of course if jurisdiction is dependent upon facts, then we have a different proposition. [State ex rel. Crouse v. Mills, 231 Mo. l. c. 500 et seq.]

Upon this record we conclude (1) that the probate court only passed upon the preliminary matter of jurisdiction, (2) that it did not undertake to pass upon the merits or demerits of relator's application, and (3) that if the said court was in error as to its jurisdiction then this writ should go. The last question we take next.

II.  Does a probate court in Missouri, in the exercise of a sound judicial discretion, have the right to direct or order a partial distribution of an estate of a ward, whilst there is pending exceptions to the final settlement? This is the vital question in this case. By refusing to consider the application on the ground of having no right to make such an order the court *nisi* has ruled that such power is not possessed by a probate court. In this we think there was error. That the probate court for the maintenance of the ward may direct payment to be made to the ward or for the ward's benefit there is no question? This, however, may be traced to the statute. All such payments are, however, partial distributions, made under the sound judicial discretions of the court. In the instant case there is no specific statute directing a partial distribution under the circumstances here disclosed, nor is there a statute which prohibits such a distribution. It is true that probate courts have no

*Jurisdiction:*
*Probate Court:*
*Partial Distribution of Ward's Estate.*

equitable jurisdiction, but in the administration of matters over which they have been given express jurisdiction, they can call to their assistance both legal and equitable principles in reaching their conclusions and judgments.  This doctrine is clearly recognized in the following very recent cases:  Lietman's Executor v. Lietman, 149 Mo. 112; In re Estate of Jarboe v. Jarboe, 227 Mo. 1. c. 93; State ex rel. v. Bird, 253 Mo. 1. c. 580.  In the latter case this court said:

"Probate courts are specifically vested with jurisdiction to do certain things, and we think they should be permitted to invoke equitable principles in adjudicating all issues which by the Constitution or statute are expressly confided to their care.  Such is the conclusion reached in the cases of Lietman's Executor v. Lietman, 149 Mo. 112, and In re Estate of Jarboe v. Jarboe, 227 Mo. 59.  While the rule announced in the two cases last cited is undoubtedly sound law,.I am not willing to concede that a probate court has jurisdiction to entertain a suit or proceeding, the sole basis of which is a demand for equitable relief, even though such relief should incidentally pertain to some matter of probate jurisdiction."

In Jarboe's case, 227 Mo. 1. c. 93, we also said:

"Whilst it is true that the probate courts of this State are courts of statutory power, yet in the exercise of the powers granted, they resort to both common law and equitable rules in the disposition of matters before them.  Taking of accounts have long since been recognized as matters in equity, yet under the law partnership estates which involve or may involve an accounting between partners are confided to the probate court, with full power to administer and settle.  The statute allows offsets to claims to be filed and these may be such as involve long accounts or even an accounting, yet of these things either in individual or partnership estates the probate court has jurisdiction, and it may well be considered a substantial query as

to whether or not in exercising the incidental powers required to determine the questions confided to the probate court by the law, it like other courts may not call to its aid the usual instrumentalities used by other courts in reaching conclusions upon the same class of investigations and in proper cases order a reference.''

In the case at bar the probate court has been confided by law with the control and management of the estate involved. It was clothed with power to distribute the same by proper order. To allow a curator to withhold the whole estate until the end of a long litigation over contested exceptions to the final settlement tends to discourage the ward from insisting upon his rights. It places him to the disadvantage of a long contest without ready funds. Such a rule might work serious hardship and injury, whereas no injury could result if the probate court would direct the curator to turn over all the estate, except such reasonable sum as might be required in the litigation over the adjustment of accounts. The probate court having the full power in the end to distribute all the estate, we can see no good reason why a partial distribution may not be made under circumstances of the kind disclosed here. We are impressed with the idea that a sound judicial discretion would dictate such a distribution.

To conclude, we hold that Judge Shackelford was in error when he concluded that he had no jurisdiction to hear and determine relator's application; that such ruling on a preliminary matter of jurisdiction does not preclude a writ of mandamus to compel said judge to investigate and determine such application upon its merits: that our absolute writ of mandamus should issue, directing said judge to proceed to hear and consider the application of relator upon its merits, and after such hearing and consideration upon the merits to enter such judgment as a sound judicial discretion may dictate. Let our writ be made absolute. All concur.