THE STATE ex rel. BENT GOODLOE v. G. A. WURDEMAN, Judge of Circuit Court.

In Banc, December 31, 1920.

1. **MANDAMUS: To Circuit Court: Remedy By Appeal.** Mandamus to the circuit court requiring it to take jurisdiction of a case appealed to it from the probate court cannot be denied on the theory that relators have an ample remedy by an appeal from the order of the circuit court dismissing the appeal (upon motion without a hearing) upon the ground that relators had no such interest in the proceedings in the probate court as entitled them to an appeal. The question involved is one of jurisdiction, and where the circuit court erroneously rules on such a question, and declines to

State ex rel. Goodloe v. Wurdeman.

hear the case on its merits, an appeal is not an adequate remedy, and mandamus lies.

2. **APPEAL: From Probate Court: Removal of Guardian.** The statutes provide for an appeal to the circuit court, by an aggrieved party, from an order of the probate court refusing to remove the guardian of a person of unsound mind. All the statutes on the subject, including Sections 289, 298 and 3955, Revised Statutes 1909, are reviewed, and it is *held* that an appeal lies to the circuit court from all orders and judgments of the probate court unless expressly prohibited, and an appeal in such a matter is not prohibited if taken by the right parties.

3. ———: ———: ———: **By Sons of Ward of Unsound Mind.** The right of appeal is a creature of the statute, and the sons and heirs at law of a person of unsound mind have no such interest in her estate as entitles them to an appeal from an order of the probate court refusing, upon their motion, to remove her guardian on the alleged ground that her estate is being wasted and mismanaged; for the son of such living person of unsound mind under guardianship is not an "heir, devisee, legatee, creditor, or other person having an interest in the estate under administration," and has no pecuniary interest therein while she lives, and the statute grants an appeal from an order of the probate court to only such persons as are embraced within its words.

4. ———: ———: ———: ———: **Ejusdem Generis.** Where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase should be construed to refer to things of the same kind, unless the specific words or clauses do not exhaust the class; and since the statute relating to procedure in the probate court says that "the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor, or other person having an interest in the estate under administration," this general clause is properly construed as embracing only such persons (other than the administrator) as have a pecuniary interest in the estate, and does not embrace the children of a person of unsound mind under guardianship, whose guardian such children asked the probate court to remove on the ground that he was wasting and mismanaging the estate. There can be no heir of the living, and though such children are heirs-apparent, the statute is not broad enough to allow an appeal to them on sentimental grounds of natural and laudable interest in their afflicted mother's welfare, but limits an appeal to those who have a pecuniary interest in her estate.

*Mandamus.*

ALTERNATIVE WRIT DISCHARGED.

*Campbell Cummings* and *Robert L. Shackelford* for relator.

(1) Ordinarily an appeal is not open where the action of the court is purely negative. 2 Woerner's Administration (2 Ed.), sec. 545. Mandamus is the only proper remedy where a "court refuses to proceed with a case, because the court was erroneously of opinion that it did not have jurisdiction. "A dismissal on the ground of the want of jurisdiction is not such an assumption of jurisdiction as to require its refusal by appellate proceedings." State ex rel. v. Shackelford, 263 Mo. 52; State ex rel. v. Homer, 249 Mo. 64; State ex rel. v. Mc-Elhinney, 246 Mo. 56; State ex rel. v. Broaddus, 239 Mo. 368; State ex rel. v. Grimm, 220 Mo. 489; State ex rel. v. Smith, 172 Mo. 459; State ex rel. v. Smith, 172 Mo. 627; State ex rel. v. O'Bryan, 102 Mo. 259; State ex rel. v. Philips, 97 Mo. 347. An appeal is not a full and adequate remedy. State ex rel. v. Homer, 249 Mo. 75; State ex rel. v. O'Bryan, 102 Mo. 259; Sedwick F. Co. v. Craig, 160 Mo. App. 91; 26 Cyc. 171; 18 R. C. L. sec. 230. (2) An appeal will lie to the circuit court from the probate court's action overruling the motion to remove a guardian for neglect of duty and misconduct. Coleman v. Farrar, 112 Mo. 62, 72; Stanton v. Johnson Est., 177 Mo. App. 56; Hall v. County, 27 Mo. 330; Secs. 289, 298, 522, 3956, 4067, R. S. 1909; Brockman v. Webb, 189 Mo. App. 476; Fitzmaurice v. Turney, 256 Mo. 187; State ex rel. v. Wiethaupt, 238 Mo. 167. (3) The adult sons of an adult *non compos* have sufficient interest for an appeal. Boynton v. Dyer, 18 Pick. 1; Robinson v. Dayton, 190 Mass. 459; State ex rel. v. Dickman, 175 Mo. App. 548; In re Olson, 10 S. D. 648; 3 C. J. 632, sec. 493; P. 647, sec. 509; P. 649, sec. 512; R. S. 1909, secs. 289, 298, 522, 3956, 4067.

*Wilson & Trueblood* for respondent.

(1) The decision of respondent that the appellants did not have an interest in the estate under administration cannot be reviewed in a proceeding for mandamus,

because mandamus is not intended to serve the purpose of a writ of error or appeal. 4 Am. L. Rep. 632; Eckerle v. Wood, 95 Mo. App. 378. (2) There is no provision in Art. 19, Chap. 12, R. S. 1909, allowing petitioners an appeal from an order of the probate court. Morris v. Morris, 128 Mo. App. 673. (3) Under Sec. 289, R. S. 1909, the right of appeal from the probate court in any case is restricted to "any heir, devisee, legatee, creditor or other person having an interest in the estate under administration." Expectant or presumptive heirs have no such interest. In re Carpenter, 140 Wis. 572, 25 L. R. A. (N. S.) 155. (4) The Massachusetts cases cited by petitioners are not applicable, because under the Massachusetts statutes presumptive heirs of a *non compos* are entitled to notice, and the the ward is treated as civilly dead. Harrington v. Harrington, 13 Gray (Mass.) 513; Leyland v. Leyland, 186 Mass. 420; Lawless v. Reagan, 128 Mass. 592. These Massachusetts cases reconcile the Massachusetts decisions with the general rule. For the general rule see annotation in foot note, In re Carpenter 25 L. R. A. (N. S.) 155.

WILLIAMSON, J.—This is a proceeding by mandamus issuing out of this court against the respondent as Judge of Division Number Two of the Circuit Court of St. Louis County, whereby it is sought to require him in his official capacity to take jurisdiction of a certain matter heretofore pending in his court and to hear and determine it upon its merits.

The issuance of an alternative writ was waived and respondent entered his appearance and filed a demurrer to the petition. The cause is submitted upon the petition and demurrer.

The petition alleges that relators are sons and heirs at law of Emmeline Bent Goodloe; that she had been duly adjudged to be of unsound mind, and that Ward Goodloe, another son, is the duly appointed and acting guardian of Mrs. Goodloe; that in his fiduciary capacity aforesaid, Ward Goodloe has been guilty of flagrant misconduct in various particulars, which, in the view we

take of this case, it is unnecessary here to set out in detail; that the estate of Mrs. Goodloe is thereby suffering from waste and mismanagment; that relators filed in the Probate Court of St. Louis County, the court having jurisdiction of the person and estate of said guardian and his ward, their motion to have him removed upon the grounds above mentioned and for the appointment of another in his stead; that their motion was overruled, and that relators thereupon duly appealed from the order of the probate court overruling their motion to the circuit court above named; that in the circuit court, the guardian filed a plea to the jurisdiction of the circuit court and a motion to dismiss the appeal, upon the ground that no appeal was allowed by law in matters of this sort, and upon the further ground that appellants in that proceeding (relators here) had no such interest in the proceedings as would entitle them to prosecute an appeal; that said motion was sustained, and said appeal was dismissed upon the ground last above named. Relators also set forth in their abstract a memorandum opinion filed by respondent at the time he dismissed the appeal. This memorandum is as follows:

"I have carefully considered the authorities cited by able counsel on both sides in this case and am still in doubt as to whether an appeal will lie in a case of this sort. The doubt, perhaps, ought to be resolved in favor of the appellants for the right of appeal ought to be construed liberally.

"I have been favorably impressed, however, by appellee's contention that appellants have no interest in the estate which entitled them to an appeal. As is stated in Sanborn v. Carpenter, 140 Wis. 572, no legal rights of appellants in or to property are affected. A next of kin or heir apparent has no right or legal interest in the property of a living relative and therefore cannot be 'aggrieved' by the decision of the probate court in this case. Wherefore, they have no 'standing in court,' and the motion to dismiss the appeal will be sustained."

I.   The question which first confronts us in this case is whether or not mandamus will lie under the facts above set forth.  Respondent asserts that if relators have any remedy it is by appeal.

**Adequate Remedy.**

To this contention we cannot agree.  It is alleged in the application and set forth in the memorandum filed by respondent in the original case that the appeal from the probate court was dismissed in the circuit court for the reason that, as respondent decided, the appellants (relators here) had no such interest in the proceedings as entitled them to appeal from the judgment of the probate court.  Respondent so held because the appellants were, as was admitted, sons of the ward, who is still living, and, since no one is heir to the living, appellants had no standing in court.

It is plain that this question in no sense goes to the merits of the case.  It is a purely preliminary matter, necessary to be determined, it is true, but standing in much the same relation to the appeal in the original case, as would a question as to the sufficiency of the service of a summons stand in any ordinary suit when the sufficiency of service was properly drawn in question.  In other words, it goes to the jurisdiction of the court.

We have repeatedly held in such cases that when the trial court erroneously rules adversely on such a question, and declines to hear the case upon the merits, an appeal is not an adequate remedy, and mandamus will lie.  [State ex rel. v. Shackelford, 263 Mo. 52, l. c. 59; State ex rel. v. Homer, 249 Mo. 58, l. c. 66.]  In the Homer case, supra, the question is discussed at some length and numerous authorities are cited in support of the doctrine there announced.  It would be useless to repeat those arguments or again to cite those authorities here.  We rule this point in favor of relators.

II.   Respondent contends that no appeal lies from the probate court to the circuit court in such a case as is here involved.  The right of appeal is of purely stat-

Appeals from
Probate Court.

utory origin. Unless, therefore some statutory authority can be found for an appeal in this instance respondents contention must be sustained.

Section 289, Chapter 2, Article 12, Revised Statutes 1909, relating to appeals, omitting irrelevant portions, reads as follows:

"Appeals shall be allowed from the decision of the probate court to the circuit court, in the following cases: . . . Fifteenth, and in all other cases where there shall be a final decision of any matter arising under the provisions of Articles I to XIII inclusive, of this chapter."

This section, it will be observed, is specifically limited to matters *"arising under the provision of Articles I to XIII."*

The matter in hand relates to the removal of the guardian of a person of unsound mind, and arises under and is governed by the provisions of Article 19 of this chapter.

Another statute relating to probate courts, however, is as follows:

"All probate courts and the clerks thereof shall be governed in all things by the provisions of Articles I to XIII, inclusive, of this chapter, so far as they may be applicable to their jurisdiction and duties." [Sec. 298, Chap. 2, R. S. 1909.]

Relators contend with some degree of plausibility that Section 289, supra, is, by the provisions of Section 298, made applicable to Article 19 of Chapter 2, as fully as to Articles One to Thirteen of that chapter, and that an appeal would lie in this case by virtue of these two sections alone. This argument is not without force in view of the fact that appeals are favored by our law and statutes having to do with the right to an appeal should be liberally construed. [State ex rel. v. Shelton, 238 Mo. 281, l. c. 297; Nolan v. Johns, 108 Mo. 431, l. c. 435; In re Doe Run Lead Co., 223 S. W. 600, l. c. 606.]

But all doubt is removed by still another statutory provision. Section 3956, Revised Statutes 1909, regulating the jurisdiction of circuit courts, omitting irrelevant portions, provides as follows:

"The circuit courts in the respective counties in which they may be held shall have power and jurisdiction as follows: . . . ; Fourth, Appellate jurisdiction from the judgments and orders of . . . probate courts—in all cases not expressly prohibited by law, and shall possess a superintending control over them."

This statute is exceedingly broad. By its terms, an appeal lies unless expressly prohibited, and we find no such prohibition. The sections cited are in our opinion abundantly sufficient to confer the right of appeal in the case at bar. [Coleman v. Farrar, 112 Mo. 54, 1. c. 72.] Respondent's contention on this point cannot be sustained.

III.    The third and last point presented for our decision is the question whether or not relators have such an interest in the original proceeding as entitled them to take an appeal. Otherwise stated, are relators "aggrieved by the decision of the court;" for that is the statutory requirement. [See Sec. 291, R. S. 1909.]

*Appeal: To Children of Mother Under Guardianship.*

Upon this question there is a wealth of adjudicated cases and little diversity of opinion.

On the one hand it is argued that there must be involved upon the part of the appellant either a pecuniary interest or a personal right. Rsependent asserts that neither exists in the case at bar. Relators are not heirs of their mother, for no one is heir to the living. Should her estate be dissipated, it will cast no burden upon relators, for a child is under no legal obligation to support a parent. Relators at present have no interest in her property, and they may never have. Hence no property rights of relators are involved; and it is obvious that they have no personal rights in the matter.

Relators, on the other hand, say that, if not heirs, they are at least heirs-apparent of their mother, and that, in any event, the natural and laudable interest which every dutiful child has in the welfare of an afflicted parent is an interest of more real importance than a mere pecuniary interest, such as any creditor might have and assert, and is one of which the law does and should take cognizance.

In considering this question it is well to remember that the right to appeal is a creature of the statute. The law-making body may designate the persons upon whom it confers that right and may prescribe the conditions upon which it may be exercised. By Section 289, Revised Statutes 1909, relating to procedure in probate courts, it is provided that "the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor, or other person having an interest in the estate under administration."

Now it is not claimed that relators are either heirs, devisees, legatees or creditors, and it is patent that they have no pecuniary interest in the *estate* here involved. Whatever interest they may have as children of the ward in the case in hand, is a purely sentimental and filial interest in the *person* of their mother. The language of the statutes precludes the idea that it was meant to include one having a sentimental interest only in an estate. It is a familiar rule of statutory construction that where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase should be construed to refer to things of the same kind. [19 C. J. p. 1255.] An exception to this rule occurs where the specific clauses exhaust the class, so that the general word or phrase must be construed to have a meaning beyond the general class, or must be discarded altogether. [State v. Smith, 233 Mo. 242, l. c. 257.]

It is obvious that the specific words in this instance do not exhaust the general class of those having a pe-

286 Mo.—11

cuniary interest in the estate. An administrator has such an interest for example. [See In re McCune's Admr., 76 Mo. 200, l. c. 205.]

We therefore conclude that the present is a proper case for the application of the rule of *ejusdem generis* (State v. Wade, 267 Mo. 249, l. c. 257), and that the general clause "other person having an interest in the estate" is properly construed as embracing only such other persons as have a pecuniary interest in the estate.

The precise question here involved is a novel one, apparently in this State. At least counsel cite no Missouri case which is directly in point, nor has our own independent research been more productive. The able and industrious counsel for relators have, however, called our attention to three cases from Massachusetts and to one from South Dakota. The persuasiveness of those cases rests largely, of course, upon the similarity of the statutes of those states, touching appeals from probate courts, to our own statute upon that topic. Turning to the statutes involved we find that both in Massachusetts and in South Dakota an appeal is allowed to any "person aggrieved." Such a statute leaves with the court a wide discretion in deciding who is aggrieved. Our statute limits the right to certain specified classes of persons, and beyond those classes we cannot go. Appeals are allowed in all cases except where expressly prohibited, but only such persons may appeal as are expressly authorized. This is the legislative rule. We cannot alter it. Relators' appeal was properly dismissed.

If, as is alleged, the present guardian is guilty of waste or mismanagement, he and his sureties are liable upon the guardian's bond, both to the ward during her lifetime and to her heirs upon her death.

The views herein announced are supported by an overwhelming weight of authority in other jurisdictions (3 C. J. p. 6239 and cases there cited), and also are in harmony with our previous rulings upon analogous cases. [Hopkins v. Cooper, 235 Mo. 461, l. c. 465; Dixon v.

Hunter, 204 Mo. 383, l. c. 391; Kinealy v. Macklin, 67 Mo. 95, l. c. 99.]

The demurrer filed by respondent to the petition herein should be sustained and our alternative writ should be discharged.

It is so ordered.   All concur.