STATE EX REL. ELMIRA TOWNSEND and ELLA F. BOLLES, Relators, v. CHARLES W. HOLTCAMP, Judge of the Probate Court of the City of St. Louis.—55 S. W. (2d) 428.

Court en Banc, July 13, 1932.

*Taylor R. Young* and *Abbott, Fauntleroy, Cullen & Edwards* for relators.

1102

*Charles H. Dawes* for respondent.

ATWOOD, C. J.—Relator, Elmira Townsend, is informant in a proceeding now pending before respondent, Charles W. Holtcamp, Judge of the Probate Court of the City of St. Louis, to inquire into the sanity of Hugh W. Thomasson. Prior to any hearing therein counsel for Thomasson, appearing specially, filed a motion to quash the return of service upon him and a plea to the jurisdiction of respondent to hear and determine the information. After adverse rulings thereon counsel for Mr. Thomasson filed affidavits for appeals from said rulings to the Circuit Court of the City of St. Louis, and upon intimation of respondent that he would grant such appeals relators herein sought our writ of mandamus requiring respondent to hear and determine without further delay the information now pending before him.

Alternative writ of mandamus was ordered and respondent waived issuance and service thereof and filed demurrer and answer to relators' petition, alleging that the petition states no cause of action and that respondent "is the Probate Judge of the City of St. Louis, and as such has no interest in the controversy except to fairly adjudicate and adjudge all matters in such cause which may properly come before him; that pursuant to the judgment and mandate of this Honorable Court he has proceeded with this cause as in his judgment he thought was right and proper and in accordance with the latest decisions of the highest court; that he has ruled on the motions referred to in the pleadings according to his best understanding of the law with reference thereto; that thereupon the two affidavits for appeal from said rulings were filed; that the respondent then and now entertains grave doubt as to whether such appeal should be granted, but resolving such doubt on the side of allowing the appeal, he has indicated that such appeal will be granted unless this court directs otherwise; that your respondent feels that he may with propriety petition the court to speedily determine the issue so that the respondent may at the outset have the direction of this Honorable Court with reference to said matter."

Counsel for respondent says that relators have no such interest in the proceeding now pending before him as entitles them to prosecute this suit, citing decisions in this and other jurisdictions on the right of appeal. We have recently held otherwise in the proceeding in prohibition by Elmira Townsend, Charlotte Louise Welborn and Ella F. Bolles v. Fred E. Mueller, Judge of the Circuit Court of St. Louis County, 51 S. W. (2d) 8, not yet officially reported. We held in that case that decisions dealing with the right of appeal from probate orders and judgments did not present a controlling analogy; that Elmira Townsend being a proper informant and liable for the costs in case of discharge of the person informed against, (Sec. 455, R. S. 1929), she was a necessary and interested party and, therefore, entitled to prosecute the extraordinary remedy of prohibition. The same course of reasoning impels us to hold that she may also invoke the extraordinary remedy of mandamus.

Counsel for respondent also says that relators have an adequate remedy by appeal and for this reason mandamus will not lie. The writ of mandamus cannot be made to perform or usurp the functions of an appeal or writ of error (State ex rel. v. McKee, 150 Mo. 233, 243, 51 S. W. 421), and the mere fact that a litigant or respondent judge himself invites us to decide the issue is in no sense compelling. However, where a court "having obtained jurisdiction, refuses to proceed in the exercise thereof to a determination on the merits, and there is no other adequate remedy by appeal or writ of error, it may be compelled to do so by mandamus," by another court

having such superintending control. [Ferris on Extraordinary Remedies, sec. 300, p. 404; State ex rel. Fleming v. Shackelford, 263 Mo. 52, 172 S. W. 347; State ex rel. v. Homer, 249 Mo. 58, 155 S. W. 405.] The right of a party to a judgment on the merits is the fundamental aim of the law. [Floyd v. Sixth Jud. Dist. Ct., 36 Nev. 349, 135 Pac. 922, 4 A. L. R. 646, 649, and decisions there cited.]

In the instant case respondent had a right, and it was his duty, to judicially determine the question of his jurisdiction of the subject-matter and parties. Having found that he had jurisdiction of both it then became his duty to proceed to hear and determine the inquisition on its merits, unless the law required him to allow the appeals requested from his orders overruling the preliminary objections raised as to jurisdiction. Respondent's answer discloses that he will not so proceed with the investigation, but will allow the appeals on the theory that he is without jurisdiction to do otherwise. This determination involves no question of fact, no exercise of discretion, and, under the cases above cited, a clear case for a peremptory writ of mandamus is thus presented if as a matter of law respondent has jurisdiction to proceed to hear and determine the information without granting such appeals,—and informant is without other adequate remedy. In the circumstances disclosed by the record we are satisfied that relator Elmira Townsend, who filed the information, is without other adequate remedy.

Coming now to relators' insistence that no right of appeal lies from respondent's orders overruling the motion to quash return and the plea to the jurisdiction, it must be conceded that if such a right exists there must be some statutory authority therefor. [State ex rel. Goodloe v. Wurdeman, 286 Mo. 153, 158, 227 S. W. 64.] Counsel for respondent asserts that such authority is conferred by Sections 285 and 1938 and by the fifteenth clause of Section 284, Revised Statutes 1929.

The fifteenth clause of Section 284 provides that appeals shall be allowed from the decision of the probate court to the circuit court "in all other cases where there shall be a final decision of any matter arising under the provisions of articles 1 to 13, inclusive, of this chapter." None of the preceding fourteen clauses of this section provide for appeals from orders and judgments in lunacy proceedings. Nor do the provisions of Articles 1 to 13, inclusive, of this chapter, with the exception of above mentioned Section 285 adopted in 1921, and which will presently be discussed, relate to such orders and judgments.

The pertinent provisions of Section 1938, Revised Statutes 1929, also relied upon by respondent, are as follows:

"The circuit courts in the respective counties in which they may be held shall have power and jurisdiction as follows: . . .

"Fourth—Appellate jurisdiction from the judgment and orders of county courts, probate courts and justices of the peace, in all cases not expressly prohibited by law, and shall possess a superintending control over them, and a general control over executors, administrators, guardians, curators, minors, idiots, lunatics and persons of unsound mind." Referring to this statute in the course of our decision In re Guardianship of Angela McMenamy, 307 Mo. 98, 122, 270 S. W. 662, we said:

"Since the opinion of GANTT, J., in Coleman's case, supra, the right to have an appeal (unless it is expressly prohibited by law) from any final judgment or order made by a probate court has never been denied by this court, but on the other hand fully sustained under Section 2436, Revised Statutes 1919. [Leahy v. Mercantile Trust Co., 296 Mo. 1. c. 600-601.] It matters not whether such final judgment or order is in the estate of an insane person, or in some other branch of probate jurisdiction."

But, as above indicated, such orders and judgments were regarded as appealable only when final. [Coleman v. Farrar, 112 Mo. 54, 72, 73, 20 S. W. 441; State ex rel. v. McQuillin, 246 Mo. 586, 595, 151 S. W. 444; In re Woods' Estate, 217 Mo. App. 257, 259, 261 S. W. 943.] A judgment, order or decree is not final or appealable, unless it determines the merits of the controversy, or the rights of the parties, and leaves nothing for future determination. [3 C. J. 443; Sec. 1030, R. S. 1929; Case v. Smith, 215 Mo. App. 621, 625, 257 S. W. 148.] Respondent's orders here in question were not final as to the rights of the parties leaving nothing for future determination. They were on matters preliminary to a hearing and determination of the information on its merits. Having ruled them in favor of his jurisdiction it was then respondent's duty to proceed with the hearing to a final determination and judgment on its merits. Such appears to be in accordance with the well recognized rule and practice under Section 1938.

■ But, even conceding that under Section 1938 only final orders and judgments are appealable and the orders here in question are not of that kind, counsel for respondent say that the appeals should be allowed under Section 285, Revised Statutes 1929, which reads as follows:

"Appeals shall be allowed from the probate court to the circuit court in all cases in which the judge of the probate court, or a jury in said court, has made a finding in the matter of an investigation of the mental condition of anyone alleged to be insane, and the affidavit for such appeal may be made by any attorney for the person alleged to be insane, or by any relative of such person, or any reputable citizen of the county in which the hearing occurred, and such appeal shall be taken within twenty days of the finding of said court or jury."

It is urged that "a finding" as the term is used in the foregoing statute "is not limited to a finding of sanity or insanity, but is co-extensive with the sum total of the litigation 'in the matter of an investigation of the mental condition of anyone alleged to be insane,' " and that to so limit the term would be to interpret this statute which was enacted in 1921 as mere surplusage adding nothing to the statutory law as it then existed. This argument overlooks the fact, which apparently also escaped the attention of the writer of the opinion in the McMenamy case from which we have already quoted, that as late as State ex rel. v. McQuillin, 246 Mo. 586, 595, 151 S. W. 444 (decided in 1912), this court held that no appeal lay from a decree of a probate court adjudging a person to be of unsound mind. The evident purpose of the enactment of 1921 (Laws 1921, p. 124) was to supply this defect or set at rest any question as to the existence of the right to appeal from "a finding" or judgment finally disposing of such a case in the probate court. There is no suggestion of an intention to depart from the rule and practice that the finding, order or judgment appealed should not be dispositive of the whole controversy in that forum. If the statute were given the literal interpretation urged upon us by respondent it would hardly be possible to hear probate cases upon their merits because of the frequency with which they would be carried piece-meal to the appellate courts on "findings" amounting in fact to nothing more than rulings on objections in preliminary or even frivolous matters.

For the reasons above stated our alternative writ of mandamus is made peremptory. All concur.