IN RE ESTATE OF THOMAS TILLMAN SCOTT, DECEASED, THOMAS R. SCOTT, EARL DELBERT SCOTT, BESSIE HELEN HESTER, AND WILLA DAVIS SCOTT, APPELLANTS, v. LOLA L. SCOTT, ADMINISTRATOR, RESPONDENT.—173 S. W. (2d) 115.

Kansas City Court of Appeals. June 14, 1943.

*Ira B. Burns* and *Dwight Roberts* for appellants.

1262

*O. H. Swearingen* for respondent.

1264

BOYER, C.—This case originated in the Probate Court of Jackson County where the appellants filed their petition seeking the removal of respondent as administratrix of the estate of Thomas Tillman Scott, deceased, and the appointment of another administrator. The alleged grounds for removal stated in condensed form by appellants in their brief were the following:

"1. That Lola L. Scott is incapable and unsuitable to execute the trust reposed in her in that she is claiming to be the widow of the deceased when in fact she is not the widow of the deceased and petitioner, Willa Davis Scott, is the widow.

"2. Because the probate court appointed Lola L. Scott as administratrix in excess of its authority so to do for the reason that she is not related to the deceased by blood or marriage and Thomas R. Scott, the son, had prior right.

"3. That the claims of Lola L. Scott as a pretended widow of Thomas Tillman Scott for special widow's allowance and the right to share in the estate are antagonistic to the rights of the estate.

"4. That the said Lola L. Scott is claiming certain properties of Thomas Tillman Scott as her own separate estate."

Respondent filed answer and prayed the court to deny the petition, and alleges in substance that she has been duly and legally appointed administratrix of the estate; that she is capable and suitable to execute the trust and has filed bond; that she is the widow of the deceased; that Willa Davis Scott has filed suit in the Circuit Court of Jackson County to set aside a decree of divorce granted to T. T. Scott during his lifetime; that petitioners have known for many years that she and the deceased had been married and living together as husband and wife; that deceased had made a settlement with Willa Davis Scott; that the proceeding is a collateral attack upon the judgment of the Circuit Court of Jackson County; that respondent had prior right to administer the estate; that she has not acted antagonistically to the rights of the estate; and denies that she made any claim to real and personal property belonging to the estate.

After hearing, the probate court found that Lola L. Scott is the widow of the deceased; that she is capable and is a suitable person to execute the trust reposed in her by virtue of her appointment as administratrix; that Thomas R. Scott had no prior right to be appointed administrator, and the court adjudged and decreed that respondent was lawfully entitled to be administratrix and the petition for her removal be denied and dismissed. Upon application and an affidavit in behalf of petitioners an appeal was taken and allowed to the circuit court. The case was duly assigned and heard in Division No. 3 of said Circuit Court of Jackson County, and when the hearing was concluded the case was taken under advisement together with a companion case there pending between the same parties. Thereafter the court found the issues for respondent and found that Lola L. Scott was the duly and legally appointed and qualified administratrix of the estate; that she was competent and capable of administering the trust and ordered and decreed that petitioners' application for removal be denied. The case is now here upon appeal from said judgment.

A preliminary question to be determined is presented by respondent who contends that there is no right of appeal from an order of the probate court refusing to revoke letters of administration. The issue thus raised is jurisdictional. Respondent cites State ex rel. Pryor v. Anderson, 112 S. W. (2d) 857, and The State ex rel. Grover v. Fowler, 108 Mo. 465. In the Anderson case the opinion of the St. Louis Court of Appeals contain a *dictum* on page 859 to this effect: "There was of course no right of appeal to relatrix from this order of the court which was one refusing to revoke letters of administra-

tion, . . . ." The question for decision in that case was whether or not *mandamus* would lie to compel the probate judge to set aside his order appointing the public administrator to administer the estate of a deceased. The court ruled under the facts in the case that the alternative writ of *mandamus* should be quashed.

In the Fowler case it was ruled that an appeal would not lie from an order of the probate court appointing an administrator under the facts in that case. Certain expressions in the opinion have given rise to the inference that there would be no permissible appeal from a probate order refusing to remove an administrator. Referring to the Fowler case, this court in State ex rel. v. Guinotte, 113 Mo. App. 399, 403, stated: "If what is there said is the law, it also follows there is no appeal from the action of the court in failing to revoke an order appointing an administrator." Later opinions of the Supreme Court have rendered such interpretation untenable and declare the law to be that, under the liberal construction to be accorded statutes allowing appeals, an appeal will lie from all final orders and judgments of probate courts "In all cases not expressly prohibited by law." Such rulings were made in consideration of the statute which is now Section 283, Revised Statutes 1939, providing for appeals from the decision of the probate court, and of the section which is now 2100, Revised Statutes 1939, which provides: "The circuit courts in the respective counties in which they may be held shall have power and jurisdiction as follows: . . . Fourth—Appellate jurisdiction from the judgment and orders of . . . probate courts . . . in all cases not expressly prohibited by law, and shall possess a superintending control over them, . . . ."

The Supreme Court (In Re Guardianship of Angela McMenamy, 307 Mo. 98, 122), after commenting on the rulings of this court, citing the case of Coleman v. Farrar, 112 Mo. 54, said: "Since the opinion of GANTT, J., in Coleman's case, *supra*, the right to have an appeal (unless it is expressly prohibited by law) from any final judgment or order made by a probate court has never been denied by this court, but on the other hand fully sustained under Section 2436, Revised Statutes 1919. [Leahy v. Mercantile Trust Co., 296 Mo. l. c. 600-601.] It matters not whether such final judgment or order is in the estate of an insane person, or in some other branch of probate jurisdiction." Section 2436 cited above is now Section 2100. [See, also, State ex rel. Townsend v. Holtcamp, 330 Mo. 1101, 1105, et seq., 55 S. W. (2d) 428; and State ex rel. Goodloe v. Wurdeman, 286 Mo. 153, 160, 227 S. W. 64, 66.] All of the above are decisions *en banc* and clearly hold that the provision of Section 2100, Revised Statutes 1939, quoted above, affords the right of appeal from all final orders or judgments of the probate court in all cases not expressly prohibited by law. The appeal from the judgment of the probate court in this case was not expressly prohibited by law and said appeal vested jurisdiction in

the circuit court to hear and determine the case. Respondent's contention that there was no right of appeal is denied.

Respondent has filed an additional abstract together with motion to dismiss the appeal on the ground that appellants' abstract shows on its face that all the evidence upon which the judgment of the trial court was based is not embodied in the bill of exceptions and that this court does not have before it all the evidence upon which the trial court decided the case. Appellants have filed objections to respondent's additional abstract and move to strike it from the record because the matters set forth therein are not a part of the record in this case nor in the bill of exceptions approved by the trial court. Respondent's action in filing an additional abstract and a motion to dismiss the appeal is in effect an effort to amend and supplement the bill of exceptions, and, in a sense, an attempt to have settled here what the bill of exceptions should have contained. Such an effort must have its origin in the trial court. The bill of exceptions shown in the abstract appears to have been duly signed, filed and allowed and made a part of the record, although at the time respondent did not approve it, and, as stated in oral argument, there was a controversy over the allowance of the bill but the record is silent on the subject. The filing of bill of exceptions is governed by the statute. [Secs. 1174-1183, R. S. 1939.] "What should go into a bill of exceptions must be settled in the trial court; the appellate court cannot undertake to determine that matter." [Fred A. H. Garlichs Agency Co: v. Anderson, 226 S. W. 978.] However, "if, in the instant case, the lower court had overruled a motion to amend the bill of exceptions, that ruling could have been reviewed on appeal if the matter were properly preserved." [State ex rel. McSweeney v. Cox, 315 Mo. 1332, 1335.]

Respondent's additional abstract contains testimony of witnesses and other evidence which was presented to the court in another case between the same parties involving title to real estate, which said case had been assigned to the same judge who heard the pending cas concurrently or immediately after he heard the evidence in the other case. The evidence shown in the additional abstract never was made a part of the record in this case and cannot be considered. It must be rejected, and the motion to dismiss the appeal is denied.

From the abstract presented by appellants it appears that upon trial in the circuit court petitioners offered in evidence a transcript of the proceedings in the case of T. T. Scott, plaintiff, v. Willa Davis Scott, Defendant, tried in the Circuit Court of Jackson County under No. 264079. The transcript thus put in evidence contained the petition for divorce, order of publication, proof of publication, and the decree of divorce for plaintiff. A transcript of the testimony in the divorce case was also introduced together with other exhibits and the

1268

testimony of Thomas R. Scott and Bessie Helen Hester. Respondent testified in her own behalf.

From the foregoing it appears that Thomas Tillman Scott and Willa Davis Scott were married in Alabama in 1903. They separated in June, 1926, in Jackson County, Missouri, where they had resided for some years. Thereafter Mr. Scott obtained a divorce by decree entered in the Circuit Court of Jackson County October 7, 1927. The petitioners herein besides Willa Davis Scott are the surviving children of that marriage. After the separation, Mrs. Willa Davis Scott and the children left Jackson County. They went first to Canton, Ohio, where they remained for some months with relatives or friends and then to Birmingham, Alabama, where they resided a number of years, and then moved to Sand Springs, Oklahoma. After moving to Alabama, Mrs. Scott also filed a suit for divorce, but later dismissed it. There was some kind of an agreement between Mr. and Mrs. Scott after their separation by the terms of which Mr. Scott was to provide for his family and he thereafter sent to the children or to Mrs. Scott, in Alabama and elsewhere, many payments of money approximately $150 a month.

Shortly after the divorce decree, Mr. Scott married the respondent and lived with her as his wife in Jackson County until the date of his death which occurred February 26, 1942. Thereafter Lola L. Scott was appointed administratrix of his estate.

Appellants assign error on the part of the trial court under Point (1) of their brief as follows:

"The Court erred in holding that the deceased, Thomas Tillman Scott, was legally divorced from Willa Davis Scott, petitioner, was legally married to Lola L. Scott, respondent, and in entering judgment in favor of the respondent and against the petitioners for the following reasons:

"(a) Because the petition for divorce in the case of T. T. Scott v. Willa D. Scott did not state a cause of action or grounds upon which a divorce could be given.

"(b) Because no lawful process was ever issued, served or published against the petitioner herein, Willa D. Scott.

"(c) Because no proceedings were ever instituted by Thomas Tillman Scott, deceased, to secure a divorce from the marriage of Thomas Tillman Scott to petitioner, Willa D. Scott, contracted between them on July 22nd, 1903.

"(d) Because any attempted marriage between Thomas Tillman Scott and Lola L. Scott, the respondent, is null and void for the reason that Thomas Tillman Scott was the husband of the petitioner, Willa D. Scott."

And under Point (2) of the brief is the following:

"The Court erred in admitting the testimony of Lola L. Scott, for the following reasons:

"(a) The testimony concerning the payments made by deceased, Thomas Tillman Scott, to Willa D. Scott and his children and concerning the relationship of witness and Thos. T. Scott was incompetent and immaterial for any purpose.

"(b) Lola L. Scott was disqualified as a witness by the death of Thomas Tillman Scott."

In determining whether or not appellants are in position to urge the errors claimed it is necessary to revert to, and consider the effect of, the record as presented in appellants' abstract. As referred to above, there was another case between the same parties affecting title to property which had been heard by the same judge and held in judgment in connection with this case. It appears that the issue of the validity of the divorce decree was also injected into the trial of the other suit, and that the same evidence in respect to the transcript in the divorce proceeding was offered in the other case that was offered in this case. In opening the trial of this case counsel for appellants stated: "I am reoffering in this case Plaintiff's Exhibit 1, which is the transcript in the case of T. T. Scott, plaintiff, v. Willa Davis Scott, defendant, tried in the Circuit Court of Jackson County under No. 264,079." And later on and in offering another exhibit, counsel for appellants stated: "I am offering in evidence Plaintiff's Exhibit No. 7, which is the transcript of testimony in Case No. 264,079. It was offered in the other case and I am reoffering it in this, T. T. Scott v. Willa D. Scott."

In the progress of the trial, and in controversies over the admissibility of evidence raised by both parties, and the issue involved in the case, it was agreed by counsel that the validity or invalidity of the divorce decree was the issue involved in this case, and then follows among other things comments by the court and counsel to this effect:

"THE COURT: The only issue now in this case is whether or not she should be permitted to continue as administratrix.

"MR. BURNS: On account of the relationship.

"THE COURT: Yes.

"MR. SWEARINGEN: I say, that is the only issue?

"MR. BURNS: That is the only issue in the case.

"THE COURT: It does not make any difference how much evidence you have, if I find that these heirs are telling the truth about this case, she will be removed. In addition to that, if this case, if the first case tried be appealed, and my order should be sustained in the Court of Appeals, you will have to appeal from both cases if you appeal.

"MR. BURNS: If it should be adverse to either party on this, we should have to appeal in order to carry the thing through on both cases or you will have a *res adjudicata* opinion some place.

"MR. SWEARINGEN: As I understand, if you find the facts as stated by the heirs, Mrs. Scott would be removed as administratrix?

"THE COURT: If the heirs win the first suit, then she will be. If the heirs lose the first suit, they will be. If you have an appeal pending in the Supreme Court with an order here holding that she is entitled to administer the estate. It cannot happen. She must apply the result in the first case tried.

"MR. SWEARINGEN: Then we wasted our time in trying this case?

"THE COURT: Well, practically so but it is necessary to try it."

After discussion concerning the filing of briefs are the following statements:

"MR. BURNS: That is all in this one case.

"THE COURT: That is all, because she will abide by the opinion of the Court of Appeals in removing her. I anticipate that this case will be appealed.

"MR. SWEARINGEN: If your Honor please, with that, we don't need any other witnesses. That is all a matter of record here and the exhibits that Mr. Burns has offered.

"THE COURT: There will be no use to try to influence the Court's opinion on that.

"MR. SWEARINGEN: We are not trying to.

"THE COURT: I will decide her right to administer upon my finding in the other case.

"MR. SWEARINGEN: All right. I will have to consult about more testimony.

"THE COURT: If I find for her in the first case, then I will find for her in the second case."

Following the last above statement both parties rested their case without further action or comment. There was no objection on the part of either counsel to any statement of the judge in reference to the situation presented by the two pending cases and the manner in which he proposed to dispose of this case. There was acquiescence by both parties in the course which the judge announced he would pursue. Under the existing circumstances such acquiescence was equivalent to consent.

In rendering the judgment in this case the court did exactly what he informed the parties would be done in entering the judgment in this case according to the finding in the other case. There can be no doubt that the decision in the pending case was controlled by the finding and decision of the court in the other case.

It does not appear that the trial court expressly ruled on the propositions made in Point (1) of appellants' brief, except by inference from the finding of the court of the issues in favor of respondent. The court's finding and decree in the pending case was undoubtedly based, in part, upon evidence offered in the other case. What that evidence was does not appear in the record presented by appellants. There was no effort made in the trial court to introduce in evidence in this case the evidence in the other case or to cause such evidence to be

made a part of the record in this case by incorporating it in the bill of exceptions. In addition thereto, appellants are unwilling to have this court consider evidence before the trial court in the other case as they have filed a motion, here sustained, to strike respondent's additional abstract for the reason that it contains evidence not to be found in the bill of exceptions allowed and presented in this case. The burden is on appellants to show error in the judgment which they assail. The presumption *always* is in favor of the judgment, and it will be assumed that facts were before the court to justify the judgment in the absence of a showing to the contrary. [Calkins v. Engle et al., 221 Mo. App. 1173, 1175, 300 S. W. 997; Fears v. Newman Mercantile Co., 348 Mo. 1102, 1106, 156 S. W. (2d) 909.] On the record here presented appellants are not in position to urge error of the trial judge in ruling the validity of the divorce decree, if he so ruled, because it plainly appears from the record presented by appellants that the judgment was founded, in part at least, upon matters not shown in the abstract.

The only other point for consideration is the contention of appellants that the court erred in admitting the testimony of respondent concerning payments made by deceased to Willa D. Scott and his children, and concerning the relationship of the witness to Thomas T. Scott. It is claimed that respondent was an incompetent witness and the testimony immaterial for any purpose. Respondent, testifying over the objection of appellants, identified the signature of Mr. Scott upon a number of paid and cancelled checks issued to some of his children and to his former wife. She also identified an authenticated copy of her marriage certificate, and testified that she and Mr. Scott lived together as husband and wife thereafter. Respondent contends that the incompetency of respondent as a witness, if any, was waived by her cross-examination in the probate court and by the taking of her deposition in another case. It is unnecessary to determine whether respondent was technically disqualified as a witness or whether such disqualification was waived because the case was tried by the court, and the testimony of respondent was mainly cumulative. The facts concerning payments made by Mr. Scott to his former wife and children were testified to by Bessie Helen Hester, one of the petitioners who was a witness for them. The facts concerning said payments were never controverted issues. Mrs. Hester testified that there was some kind of an agreement that her father would provide for her mother and children and that he sent to them in Alabama and elsewhere many payments of money approximating $150 a month for a long period of time. The only testimony of respondent in reference to the relationship of herself and Mr. Scott related to their marriage and living together as husband and wife.

Thomas R. Scott gave testimony in reference to the relationship of respondent and his father and that he and his wife, and his brother

and his wife, lived in the house with them or on the premises in another house for protracted periods, although he asserts that he did not know that his father claimed to be married to respondent until 1935. In view of other testimony in the case there does not appear to be material error in the admission of respondent's testimony. Furthermore, this case was tried by the court and the same strictness in testing the correctness of the action of the judge in the admission and exclusion of testimony is not applied in cases determined by the court as in cases tried before a jury. [Cornice and Roofing Co. v. Trust Co., 146 Mo. App. 36, 56, 57, 123 S. W. 490.] "The presumption is that in the final determination of the case the court considered only competent and relevant evidence. [Citing cases.] And unless the evidence is of such an erroneous and potent character that it must have swayed the mind of the court to the injury of the losing party, the judgment should not be set aside because of its admission." [Barton v. Faeth, 193 Mo. App. 402, 410, 186 S. W. 52.] The principle announced in the above cases has been followed in many subsequent decisions. [Nevil v. Wahl, 228 Mo. App. 49, 55, 65 S. W. (2d) 123; U. S. F. & G. Co. v. Goodson, 227 Mo. App. 456, 459, 57 S. W. (2d) 754; Bauer et al. v. White et al., 225 Mo. App. 270, 280, 29 S. W. (2d) 176; Cantley v. American Surety Co., 225 Mo. App. 1146, 1152, 38 S. W. (2d) 739; Security State Bank v. Dent County, 345 Mo. 1050, 1058, 137 S. W. (2d) 960.]

The conclusion is that appellants have not shown reversible error and the judgment of the trial court should be affirmed. The Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.